STEINHARDT & CO. v. GALVESTON COT-
TON SEED MEAL CO. et al.

(Court of Civil Appeals of Texas.   Galveston.
May 22, 1911.)

1. APPEAL AND ERROR (§ 79*)—DECISIONS RE-
VIEWABLE—FINALITY—DISMISSAL AS TO ONE
PARTY.

A judgment dismissing an action against one
of two parties defendant is not a final judgment,
from which an appeal will lie.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 485; Dec. Dig. § 79.*]

2. APPEAL AND ERROR (§ 21*)—GROUNDS OF
APPEAL—CENTER PARTIES.

Where an attempted appeal by plaintiff is
based on a nonappealable interlocutory judg-
ment dismissing the cause as to one of two de-
fendants, jurisdiction cannot be conferred on
the appellate court by consent of the parties as
expressed in a stipulation between plaintiff and
the remaining defendant that the cause was in
fact dismissed in the court below as to such
remaining defendant; such dismissal not ap-
pearing by the record.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 81–87; Dec. Dig. § 21.*]

3. APPEAL AND ERROR (§ 642*)—AMENDMENT
OF RECORD.

Where the record does not show a final
judgment, it can only be corrected by timely
motion in the court below.

[Ed. Note.—For other cases, see Appeal and
Error, Dec. Dig. § 642.*]

Appeal from District Court, Galveston
County; Clay S. Briggs, Judge.

Action by Steinhardt & Co. against the
Galveston Cotton Seed Meal Company and
against B. Adoue and J. Lobit, copartners
doing business under the firm name and style
of Adoue & Lobit. Dismissal as to Adoue &
Lobit, and plaintiff appeals. Appeal dis-
missed.

Marsene Johnson, Clough & Fuller, and O.
S. York, for appellant. James B. & Charles
J. Stubbs, for appellee.

PLEASANTS, C. J. The judgment ap-
pealed from, and the only judgment appear-
ing in the record, is as follows: "Steinhardt
& Co. v. Galveston Cotton Seed Meal Co. et
al. March 7, 1910. On this day came on to
be heard the general demurrer and special
exceptions of the defendant, Adoue & Lobit,
contained in their second amended original
petition, which said demurrer and special ex-
ceptions having been duly considered, by the
court, are all and each sustained; and, the
plaintiffs now declining to amend, it is there-
fore ordered, adjudged, and decreed by the
court that this cause be, and the same is
hereby, dismissed as against said defendants,
B. Adoue and Joseph Lobit, composing the
copartnership firm of Adoue & Lobit, and
that they go hence without day and have and
recover of and from the said plaintiffs all
costs by them in this behalf incurred.   To
which judgment, order, and decree the plain-

tiffs except and in open court give notice of
appeal."

[1] It is clear that this is not a final judg-
ment, because it fails to dispose of all of
the parties to the suit, and therefore no right
of appeal therefrom is given by the statute,
and this court has acquired no jurisdiction
of the case by the appeal. Martin v. Crow,
28 Tex. 615; Rodrigues v. Trevino, 54 Tex.
201; Linn v. Arambould, 55 Tex. 618; Whit-
aker v. Gee, 61 Tex. 217; Bradford v. Tay-
lor, 64 Tex. 169; Railway Co. v. Scott, 78
Tex. 361, 14 S. W. 791. The reason of this
rule is obvious. Until the trial court has
disposed of all the issues in the case, as such
issues affect all of the parties to the suit,
the jurisdiction of that court is not exhaust-
ed, and it has the right to change or set
aside any intermediate judgment it may have
rendered. As long as the jurisdiction of the
trial court to set aside or modify its judg-
ment remains, it is clear that any judgment
rendered by it is not final.

[2] In the case of Porter v. Railway Co.,
121 S. W. 897, cited by appellee, it is held that
where several parties are sued and the judg-
ment appealed from does not dispose of all of
the defendants, and there is nothing in the
record to show that the defendants not men-
tioned in the judgment were served with ci-
tation, or that they answered in the case, it
will be presumed that the suit was dismiss-
ed as to such defendants, and a judgment in
favor of plaintiff against the remaining de-
fendant will be regarded as a final judg-
ment. We think this holding is directly con-
trary to the holding in the opinions of the
Supreme Court in several of the cases above
cited, but, if such is the rule, it is not ap-
plicable here, because the amended petition
to which the demurrer was sustained by the
judgment above set out recites that the "de-
fendants had appeared and answered." Ap-
pellee also cites the case of Griffin v. Terry,
124 S. W. 115. In that case the petition com-
plained of a "defunct" corporation and its
stockholders, all of whom were parties to
the judgment. The allegations of the peti-
tion being that the corporation "has become
defunct and no longer exists," a judgment
in favor of plaintiff against all of the stock-
holders, but which did not mention the "de-
funct" corporation, was held to be a final
judgment. This would seem to be an entire-
ly correct holding and not in conflict with
the general rule announced in the authori-
ties before cited.

[3] Appellee has filed a motion asking this
court to dismiss this suit as against the Gal-
veston Cotton Seed Meal Company, and ac-
companying said motion there is an agree-
ment signed by counsel for the appellant,
which recites that plaintiff's suit was dis-
missed in the court below as against the Cot-
ton Seed Meal Company, and asking this

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

court to treat the judgment found in the record as a final judgment. Neither of these requests can be granted. This court being without jurisdiction upon the record presented cannot acquire jurisdiction by consent of the parties, and the judgment record could only be corrected by timely motion in the court below.

We are of opinion that the appeal should be dismissed, and it has been so ordered.