## SAENZ v. COHN et al.

(Court of Civil Appeals of Texas. San Antonio. May 29, 1912.)

APPEAL AND ERROR (§ 80*)—JUDGMENT—CONCLUSIVENESS.

Plaintiff sued defendants C. and S. for damages to plaintiff's wife, caused by an explosion of gasoline sold to her for coal oil, alleging that C. negligently sold the gasoline to S., and that S. sold it to plaintiff. C. filed special exceptions to an amended petition, which were sustained; and, plaintiff declining to further amend, a judgment was entered dismissing the suit as to C., from which judgment defendant S. appealed.

The judgment did not dispose of matter pleaded, further than to adjudicate issues between plaintiff and defendant C. *Held*, that the judgment was not final nor appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 429, 432, 450, 456, 457, 494–509; Dec. Dig. § 80.*]

Appeal from District Court, Jim Wells County; W. B. Hopkins, Judge.

Action by Rufino Saenz against M. D. Cohn and another. Judgment in favor of defendant Cohn alone, and plaintiff appeals. Dismissed.

Pope & Taylor, for appellant. J. C. Scott and W. W. McCampbell, for appellee.

JAMES, C. J. Rufino Saenz sued M. D. Cohn and Ramon Saenz for damages growing out of personal injury to plaintiff's wife, alleging in substance that defendant Ramon Saenz was a merchant in Palito Blanco; that defendant Cohn carelessly sold to said Ramon a barrel of gasoline for coal oil, mislabeling the same coal oil; that Ramon had never seen and did not know gasoline when he saw it, and believed it was coal oil he was handling; that about December 29, 1910, appellant and his wife sent their child to Ramon's store for coal oil, and he carelessly and recklessly gave her gasoline, with the result that appellant's wife filled her lamp with it, and it exploded soon after she lit the lamp, inflicting the injuries complained of. Damages were asked of both defendants in the sum of $11,000. Cohn answered by a plea of privilege, and by general demurrers to the petition and a general denial. The court sustained some of Cohn's special demurrers, and upon leave plaintiff amended, and the same special exceptions were sustained to the amended petition; and, plaintiff declining to further amend, a judgment was entered dismissing the suit as to Cohn, from which judgment this appeal is prosecuted.

The defendant Ramon Saenz did not demur, but pleaded a general denial to plaintiff's petition, admitting that he had purchased the gasoline from Cohn. And specially he alleged substantially that he ordered a barrel of coal oil from Cohn; that he knew nothing about gasoline, and had no use for any, and had no knowledge that gasoline had been furnished him instead, and believing it to be coal oil, he carried it to his store and sold it to plaintiff for coal oil, alleging negligence of Cohn, and that his acts were the proximate cause of the injury; that Cohn was responsible primarily for the injury; and prayed that, in case of judgment against him, he have judgment over against Cohn. To this cross-action Cohn demurred, which demurrer was overruled. His answer was a general denial. The judgment which is appealed from does not dispose of any matter pleaded, further than to adjudicate the issues between plaintiff and defendant Cohn. The judgment relates to nothing else.

The same demurrers that were sustained might possibly have been sustained as to the defendant Saenz, had he presented them; but he did not, and there was no judgment on the sufficiency of the petition as to him. The judgment was a final one as to Cohn, so far as a recovery by plaintiff against him was concerned; but it did not dispose of his codefendant, Ramon Saenz, nor of the latter's right to recover over against Cohn. A judgment, for the purpose of appeal, is not final, unless the whole of the controversy is disposed of, and as to all parties. The statute provides that only one final judgment shall be rendered in any cause, except where otherwise provided by law. A judgment is not final which disposes of a portion of a cause or some of the parties, and leaves issues open and to be determined as between others. Wootters v. Kauffman, 67 Tex. 489, 3 S. W. 465; Steinhardt v. Galveston Cotton Seed Mill Co., 138 S. W. 825. Had plaintiff dismissed his suit against Ramon Saenz, the judgment would have been a final one.

Having no jurisdiction of the cause, the appeal is dismissed.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes