WILLIAM R. CARUTHERS, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

406 S.W.2d 159.

(*Nashville,* December Term, 1965.)

Opinion filed July 15, 1966.

Petition for Rehearing Denied September 23, 1966.

22

DALE QUILLEN, Nashville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General for defendant in error; and HARRY G. NICHOL, District Attorney General, prosecuted the case in the trial court.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Criminal Court of Davidson County, Tennessee. The parties will hereinafter be referred to as they appeared in the trial court; that is, plaintiff in error, William R. Caruthers, as defendant, and defendant in error as the State.

On December 11, 1964, the defendant was indicted for unlawfully, feloniously putting in fear and danger of his life, and then and there unlawfully, feloniously and violently stealing, taking and carrying away from the person and against the will of one James W. Coffelt, certain personal property; that is, $180.00 in legal tender.

The defendant was tried on October 27, 28, 1965. The jury found the defendant guilty of robbery accomplished by the use of a deadly weapon, and fixed his punishment at confinement in the State Penitentiary for a period of ten years. Judgment was entered in accord with the jury verdict. On November 26, 1965, the defendant filed a motion for a new trial, which was overruled on January 6, 1966. An appeal has been timely perfected to this Court.

The defendant assigns as error the following:

"1. That the Court erred in admitting the testimony of Mrs. George Head, over the objection of the defendant, relating to an alleged robbery, allegedly committed by the defendant at another time and

place, and for which the defendant had been previously tried, but had not been convicted.

2. That all the evidence proponderates in favor of the defendant and against the verdict of guilty.

3. That there is no evidence in the record to support the verdict of the jury."

■ Defendant's assignments of error 2 and 3 urge that the evidence preponderates against the verdict of the jury and in favor of the innocence of the defendant. In considering these assignments of error, this Court must look to the well established law of this State regarding review of criminal cases; that is, that a jury's verdict of guilty, approved by the trial judge, establishes the credibility of the witnesses supporting the verdict, displaces the presumption of innocence that attached to the defendant in the trial court, and raises a presumption of guilt; putting on defendant the burden of showing, on appeal, that the evidence preponderates against the verdict and in favor of the innocence of the accused. *Cooper v. State* (1909) 123 Tenn. 37, 138 S.W. 826, *Holt v. State* (1962) 210 Tenn. 188, 357 S.W.2d 57, *McBee v. State* (1963) 213 Tenn. 15, 372 S.W.2d 173.

This record shows that the defendant was accused of robbing one James Wilson Coffelt, at the Atlantic E-Z Food Shops, on Charlotte Avenue in Nashville, Tennessee, at between 9:30 and 9:45 P.M., on November 22, 1964. At the trial Mr. Coffelt testified, unequivocally, that the defendant was the person who robbed him. Mr. Coffelt had previously identified Caruthers from photographs at the police station. In addition, the defendant was identified, in person, prior to the trial.

The defendant attempted to establish the defense of alibi. In so doing, he offered the testimony of his mother, Mattie Louise Caruthers; his girl friend, Annie Waller; his brother-in-law, Robert Earl Polk; his cousin, Dorothy Reed, and Johnny Frank Chumley, Sr., a taxicab driver, to establish that he was at his home from 9:00 P.M. on the date of the robbery until about 9:30 P.M., when he took a taxi, driven by the aforementioned Mr. Chumley, to a place known as the Revelot Club, where he allegedly remained until after 12:00 that night. His presence at the club is verified by the testimony of several other witnessee, but the times referred to by them do not exclude the possibility of his having committed the crime in question.

■ Opposing the testimony of these witnesses was the testimony of the radio dispatcher for the cab company, one Addie Thompson. She presented the daily log sheet for November 22, 1964, which indicated that Mr. Chumley's cab was dispatched to the Caruthers' residence at between 10:25 P.M. and 10:36 P.M. The robbery, beyond any question, occurred at between 9:30 and 9:45 P.M. Obviously, the jury chose to believe the testimony of the witnesses for the State and to reject the testimony of the defense witnesses, where there was conflict. After a careful examination of this record, we are unable to see that the evidence preponderates against the verdict of the jury and in favor of the innocence of the defendant; but, rather, we find that the testimony, particularly that of disinterested witnesses, can be reconciled, and supports the verdict of the jury.

Defendant's first assignment of error urges that the trial court erred in admitting into evidence the testimony of Mrs. George Head. Mrs. Head testified that the defend-

ant was the person who had robbed her while she was attending a branch of the Fort Negley Laundry on the preceding day. Here, it is pertinent to note that Mr. Coffelt testified that, prior to the robbery, and on the same day, the defendant had come into the store and requested change for a quarter, on several occasions. Each time, after receiving change, the defendant left the store, there being other people in the store; but at the time of the robbery, there was no one else in the store except Mr. and Mrs. Coffelt. At the time the defendant robbed the food store, he threatened to kill Mr. Coffelt unless Mr. Coffelt moved into the back room. Mrs. Head testified, unequivocally, that it was the defendant who had robbed her; that prior to robbing her, the defendant had entered the laundry several times on the pretext of picking up dry cleaning for Thomas Eddings, but left immediately after being informed that there was no dry cleaning under such name. There were other people in the laundry at these times. At the time the robbery was committed, Mrs. Head was in the laundry alone. After robbing her, Mrs. Head testified the defendant threatened to kill her if she did not lie down.

■ The question raised by this assignment of error is the propriety of the trial court's admission into evidence of the testimony of Mrs. Head, relating to a prior crime allegedly committed by the defendant. The cases in this State establish that such evidence is admissible if (1) it is to be used to prove identity, knowledge as reflecting an intent, a plan or system, a course of conduct or is a part of the *res gestae* of the crime charged, and (2) the evidence is "clear and convincing" that the defendant is the person who committed the prior offense. See *Wrather v. State* (1943) 179 Tenn. 666, 169 S.W.2d 854; *Mays v. State* (1921) 145 Tenn. 118, 238 S.W. 1096; *Harris v.*

*State* (1950) 189 Tenn. 635, 227 S.W.2d 8; *Brenner v. State* (1965) 217 Tenn. 427, 398 S.W.2d 252.

As stated before, the defendant attempted to raise the defense of alibi. In raising this defense, the defendant naturally questions the identification by Mr. Coffelt of the defendant as the man who robbed him. Thus, the question of identity constitutes the crucial point in this case, and the testimony of Mrs. Head was introduced to support Mr. Coffelt's identification of the defendant as the man who committed the offense involved in this case. It therefore is apparent that the testimony of Mrs. Head was properly admitted by the trial court if there was "clear and convincing" evidence that the defendant was the person who committed the prior crime. The following quotation from *Wrather v. State,* supra, sets out the test to be applied to determine admissibility, as follows:

" (4) Without going so far as to hold, with some of the Courts, that the proof of the independent crime must be 'beyond a reasonable doubt,' we approve the rule that, to render evidence of an independent crime admissible, the proof of its commission, and of the connection of the accused on trial therewith, must be not 'vague and uncertain,' but clear and convincing. Obviously, an absolute essential is that (1) a former crime has been committed, and (2) committed by the identical person on trial. Only thus can identification, or other proof of guilt, of the accused in the pending case be aided by evidence of the independent crime. And this limitation upon admissibility applies equally to all the exceptions to the general rule excluding evidence of other crimes, whether introduced to prove identity, or for any other purpose."

██ This quotation establishes, beyond doubt, that in Tennessee it does not have to be established "beyond a reasonable doubt" that the defendant committed the prior crime for evidence of the prior crime to be admissible. In this case, the testimony of Mrs. Head was unequivocal. The fact that the defendant had been previously tried for the prior crime, and such trial resulted in a mistrial, in no way affects the admissibility of Mrs. Head's testimony in this trial; for the test for conviction is clearly distinguished by the foregoing quotation from the test for admissibility. Certainly the testimony of Mrs. Head was clear and convincing evidence that the defendant committed the prior offense about which she testified.

Finding no merit in the assignment of error and no errors in the record, judgment of the trial court is affirmed, with costs of this appeal assessed against the defendant.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CHATTIN, JUSTICES, concur.

### Opinion on Petition to Rehear

MR. JUSTICE CRESON.

██ William R. Caruthers has filed a petition to rehear in this case. The petition makes the argument that the introduction of the testimony, over his objection, of a Mrs. Head, as to the petitioner's commission of a prior crime, of similar nature, violated his rights under Article 1, Section 9 of the Constitution of Tennessee, and under Amendments 5, 6, and 14 to the Constitution of the United States. Assuming, without deciding, that these contentions now made for the first time, are properly to be considered, we find these constitutional provisions

have repeatedly been construed by both Federal and State courts to apply to the crime for which the defendant is on trial. What we have here is only the admissibility of evidence of prior crimes which may have bearing on the question of identity of the defendant as the party perpetrating the offense which is on trial, but for which the defendant may not at the present trial be convicted and sentenced. The authorities cited in the original opinion fairly recognize the admissibility and competency of such evidence.

This Court concludes that the petition to rehear is without merit, and therefore is denied.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CHATTIN, JUSTICES, concur.