Tom STEWART, Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

June 1, 1972.

Rehearing Denied June 29, 1972.

Certiorari Denied by Supreme Court
Aug. 21, 1972.

S. Randolph Ayres, Athens, for plaintiff-in-error.

David M. Pack, Atty. Gen., and Robert H. Roberts, Asst. Atty. Gen., Nashville, Earle G. Murphy, Dist. Atty. Gen. pro tem., Cleveland, for defendant-in-error.

## OPINION

RUSSELL, Judge.

This case involves a conviction under T. C.A. § 39–4226, fraudulent breach of trust, for the appropriation of a tape player by one to whom it was delivered for repairs. The jury set the punishment at a thirty day jail sentence.

Only four witnesses testified. The record leaves much to be desired in the way of clarity. However, it is fair to say that the only defense relied upon was the claim of the defendant that in moving his business premises the tape player was thrown away by the defendant's wife.

The record is full of discrepancies in material matters. The young man who owned the tape player said that he turned it over to the defendant at the young man's place of employment, a service station; while the defendant claimed that it was brought to his shop. The owner said the property was in operating condition, but simply lacked volume; while the defendant claimed that it was in numerous pieces. The owner said that the transaction was in July, 1970; while the defendant claimed that it was months earlier.

The key factual issue is whether or not the defendant's wife lied when she testified that she threw the tape player away. A close review of her testimony, taken in concert with the other proof in the case, justifies the jury's rejection. Despite numerous confrontations with the owner's mother, and a claimed knowledge of tape players and this one, she never advanced her story about throwing it away until a day after her husband's preliminary hearing. When her husband was confronted to return the machine in her presence, and he promised to look for the tape player, she never presented her story. When the owner's mother came to their house demanding the tape player, the defendant told his wife that he would search for the player, and she was silent, because " . . . for all I knew, she did have a tape player over there". She said that she knew about tape players, and their value; and yet she claimed to have thrown this one away without even consulting with her husband. She claimed that the tape player was at her husband's shop for months before it actually was.

In summary, defendant's wife's story, upon which he relied, could well have been found by the jury to be incredible and untrue. The same can be said of the defendant's testimony. The jury's rejection of their story leaves the facts being that the defendant accepted a tape player of a value of ninety dollars on the pretense of repairing it, never attempted to do so, and never returned it despite many demands over many months.

He has not given a credible account for this, but has relied upon an incredible story presented for the first time publicly at his trial that his wife deliberately threw the tape player away. The jury was justified in rejecting the theory that the loss could have occurred accidentally.

We hold that his appropriation of the tape player has thus been sufficiently established to support his conviction. The

assignments of error going to the legal sufficiency of the convicting evidence are overruled.

■ Error is assigned upon the following excerpt from the cross-examination of the defendant.

"Q. And has it ever turned up that you have had stolen merchandise in your possession?

"Mr. Ayres: Your Honor, I object to that.

"The Court: I sustain the objection."

The defendant had taken the stand, so was subject to impeachment. (He was shown to have three prior felony convictions.) The State relies upon McGowan v. State, 221 Tenn. 442, 427 S.W.2d 555, for the proposition that acts of misconduct tending to show motive, guilty knowledge, intent, etc. are admissible; after pointing out that the trial judge actually sustained this objection. See State v. Fowler, 213 Tenn. 239, 373 S.W.2d 460, in which our Supreme Court allowed a defendant charged with larceny of a safe to be cross-examined about his being a big professional crooked gambler. We overrule this assignment.

Complaint is made as to certain argument made to the jury by the prosecuting attorney. Part of it is not in the Bill of Exceptions. We find no error in the alleged argument.

■ The Court instructed the jury to weigh the evidence or testimony of the accused the same as other witnesses in the case, and error is assigned because he added: "Always remembering that he is a party to the suit and interested in the result of the trial". Our Supreme Court has upheld such a charge. Cooper v. State, 123 Tenn. 37, 138 S.W. 826. We believe the better practice would be to leave it off. The assignment of error is overruled.

■ Finally, complaint is made that the trial judge did not properly and adequately define "fraudulent appropriation" in his charge. No request for further charge was forthcoming when asked for. The charge as given was a correct statement of the law. This assignment is overruled.

Affirmed.

GALBREATH, J., concurs.

OLIVER, Judge (dissenting).

I respectfully dissent. In my view of this case, it is inconsequential that in all probability the jury rejected the testimony of the defendant and his wife. This is so for the plain reason that, as stated in the brief of the State Attorney General:

"The State was unable to show whatever became of the tape player, whether the defendant had fixed it and converted it to his own use or sold it, or anything other than the fact that it had been left with the defendant for repair and he failed or refused to return it."

In other words, the only fact established by the State was that the tape player was delivered to the defendant for repair and was never returned to the owner. Mere failure to return bailed property left with the bailee for repair does not constitute fraudulent breach of trust.

I cannot agree that the closing jury argument of the Assistant District Attorney General did not affect the verdict of the jury and was therefore harmless. The argument, defense counsel's objection, and the court's ruling, were as follows:

"ASST. GENERAL MURPHY: You know and I know that tape players are one of the hottest articles on the market today. If you've read the papers you saw that last year the insurance companies of this country paid out over four hundred million dollars in losses of tape players, because they are hot on the stolen market—

MR. AYERS: Your Honor, excuse me, I hate to interrupt the attorney general's

argument but there is no proof like that in the record. I object and I think it is improper—

ASST. GENERAL MURPHY: I am citing facts that were published in—

THE COURT: Inasmuch as it really doesn't have anything to do with this lawsuit, Mr. Ayres, I doubt that it's error for him to do so. Lots of things get in the argument that are actually not part of the record. Go ahead, General."

For these reasons I would reverse and remand for a new trial.

## ORDER OVERRULING PETITION TO REHEAR

A dignified, forceful and timely petition to rehear has been filed in this case. The first part of it suggests that we might have misinterpreted the evidence with regard to Mrs. Stewart's testimony. We carefully considered the very testimony set out in the petition to rehear, and believe that the jury was justified in rejecting as untrue that part of it relied upon by the defense.

It is next insisted that if this testimony is rejected that then there remains no proof whatever as to what happened to the tape player. We think that this argument (already considered and rejected by the majority) fails. It gives no probative force and effect to the strong circumstantial evidence that Stewart fraudulently misappropriated the tape player. It appears that he took it in with no intention to repair it. He was not straightforward in his responses to inquiries. And the presiding fact is that he has never returned the tape player, nor offered an acceptable explanation for this failure. Circumstantially, he either still has it or has disposed of it to his profit. The theory that the tape player was disposed of accidently has been rejected by the jury. Circumstantially, a purposeful fraudulent breach of trust has been committed.

The rehearing is denied.