**David P. RUSSELL, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

Nov. 15, 1972.

Certiorari Denied by Supreme Court Jan. 2, 1973.

Hugh W. Stanton, Jr., Memphis, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Alan E. Glenn, Asst. Dist. Atty. Gen., Memphis, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The Shelby County grand jury indicted David P. Russell for attempt to commit larceny of a billfold from the person of Helen Owens. On his trial the jury convicted him of this offense and fixed his punishment at one year in the workhouse and $1 fine. From his sentence, he appeals to this court.

The state's proof showed that on September 18, 1971, Mrs. Helen Owens, a security guard for a department store, went to a Montesi's supermarket in Memphis to purchase groceries. While standing near the meat counter, the defendant bumped her. When this happened she glanced down and saw that her purse had been opened. She moved to the other end of the counter and closed the latch on her purse, whereupon the defendant again approached her, bumped her and opened her purse. She had a billfold and several other articles in it, but the defendant did not get anything. Mrs. Owens then notified the store manager.

A Mr. Veglio, security officer for the store, already had the defendant under surveillance. He was stationed in an elevated area that had a one-way mirror from which he could see into the store but customers could not see him. Before the defendant bumped Mrs. Owens, the security officer saw him similarly bump two other women and after the attempt he saw the defendant open the purse of another woman. Mr. Veglio had binoculars and noticed Russell put his hand in Mrs. Owens' purse.

Police were called and the defendant was arrested. After being advised of his

constitutional rights, he gave a handwritten statement:

" 'I took my mother out to Fred Montesi on Avalon yesterday evening and as we were leaving the store a young fellow they call Mark told me, "Hey, man, I just popped one." So I went over to the counter and I knew the woman as a police officer. So, I left her alone and started on out the store. Before leaving her alone I did notice that her purse was open and my intentions were to try and steal the purse.' "

The defendant did not testify. His only proof was by his mother to the effect that he went in the store to get some food.

 An attempt requires three elements: (1) an intent to commit a specific crime; (2) an overt act; and (3) failure *to consummate the crime.* Gervin v. State, 212 Tenn. 653, 371 S.W.2d 449. The proof shows that Russell opened the prosecutrix' purse and stuck his hand inside where the billfold with money was the only thing of value. The fact that he opened the purse twice and also opened other purses preclude the possibility of an accidental opening of the purse. The assignments on the weight of the evidence are overruled.

The defendant contends the court erred in permitting Mr. Veglio to testify that he attempted to snatch other wallets in the store.

 If evidence is competent, material and relevant to the issues on trial, it is not rendered inadmissible merely because it may show the defendant guilty of another crime. Brenner v. State, 217 Tenn. 427, 398 S.W.2d 252. Evidence of other crimes may be admissible to prove identity, knowledge as reflecting an intent, plan or sys-

tem, a course of conduct, or is a part of the res gestae of the crime charged. Caruthers v. State, 219 Tenn. 21, 406 S.W.2d 159; Wrather v. State, 179 Tenn. 666, 169 S.W.2d 854. The defendant's conduct on this occasion was part of the res gestae and this assignment is overruled.

 The defendant says his identification while in custody in the supermarket amounted to an illegal lineup. No objection was made but the assignment is otherwise without merit. *Wade-Gilbert* rules do not apply to on-the-scene investigatory confrontations of a suspect conducted shortly after a crime. See Russell v. United States, 133 U.S.App.D.C. 77, 408 F.2d 1280 (cert. denied 395 U.S. 928, 89 S.Ct. 1786, 23 L.Ed.2d 245).

In Kirby v. Illinois, 406 U.S. 682, 92 S. Ct. 1877, 32 L.Ed.2d 411, the United States Supreme Court held that the per se exclusionary rule of United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, does not apply to preindictment confrontations. There was no abuse of the defendant's rights in his identification and this assignment is overruled.

 The defendant was fully advised of his constitutional rights and waived them before making a statement. He complains that he should have been told that he could stop answering questions at any time. He was fully advised of his rights to an attorney. There is no suggestion that he wanted to stop answering questions or desired an attorney.

All assignments are overruled and the judgment is affirmed.

MITCHELL and DWYER, JJ., concur.