**Robbie HARDY, Plaintiff-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

July 17, 1974.

Certiorari Denied by Supreme Court

Jan. 13, 1975.

---

Richard M. Currie, Jr., Kingsport, J. Klyne Lauderback, Jr., Bristol, for plaintiff-in-error.

David M. Pack, Atty. Gen., John B. Hagler, Jr., Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., and Wm. R. Mooney, Asst. Dist. Atty. Gen., Blountville, for defendant-in-error.

## OPINION

O'BRIEN, Judge.

Defendant, Robbie Hardy, was convicted of selling heroin on two separate indictments in the Criminal Court for Sullivan County. Punishment was fixed at not less than five nor more than fifteen years in each case, the sentences to be served consecutively by judgment of the court.

On this appeal two assignments of error are made. Defendant first says the trial court erred in denying a motion for severance of the indictments and granting him separate trials. We agree.

In summary, the evidence shows that on October 27th, 1972, defendant allegedly sold a small quantity of brown heroin to James Darden, an undercover agent working for the Sullivan County Sheriff's Department. On October 28th, 1972, defendant allegedly sold a small quantity of white heroin to Eddie Stephen Cole, an undercover agent working with the Tennessee Bureau of Criminal Identification. The purchases were apparently made by the agents in the same area of the city of Kingsport from a male black individual who effected an Afro style haircut. Each of the agents identified the seller of the heroin as the defendant. Agent Cole's identification was more positive in view of the fact that he had seen the defendant both prior to and subsequent to the date of his purchase. Defendant endeavored to introduce a photograph of himself through the testimony of his mother which purportedly portrayed a fair representation of his appearance in the fall of 1972. Introduction of this picture was denied on objection by the State. Mrs. Hardy testified that in October, 1972, defendant had a small goatee, sideburns, and a large Afro hair style which was one of the biggest in Kingsport, Tennessee, protruding out nearly a foot from either side of his head.

The learned trial judge overruled the motion for severance on the authority of Caruthers v. State, 219 Tenn. 21, 406 S. W.2d 159, which deals with the admissibility of evidence of prior crimes and sets forth the circumstances and conditions under which such evidence may be admitted in the course of a trial. We think his hon-

or has misapplied the rule set forth in that case with the circumstances we have here which deal with the requirement of the State to make an election prior to going to trial on two separate indictments, and the right of a defendant to a severance in such cases. The rule governing here is set forth in Burum v. State, 1 Tenn.Cr.App. 508, 445 S.W.2d 946.

In the first instance, where evidence of a prior crime is offered for admission in a trial of the case it is the duty of the trial judge to make a finding that one of the conditions, as set forth in *Caruthers,* supra, exists, and if, after examining the facts, he makes a positive finding the evidence is admissible. On the other hand, in a case such as we have here, where two separate indictments against the same defendant are involved, and a motion for severance is made, the trial judge must examine the facts to determine if the offenses charged are similar, related, or connected, or are of the same or similar character or class, or involve or arose out of the same or related or connected acts, occurrences, transactions, series of events or chain of circumstances, or are based on acts of transactions constituting parts of a common scheme or plan, or are of the same pattern and committed in the same manner, or where there is a common element of substantial importance in their commission, or where the same, or much the same, evidence will be competent and admissible or required in their prosecution, and if not joined for trial the repetition or reproduction of substantially the same testimony will be required on each trial. It is then a matter within his discretion to sever or consolidate the cases for trial. See Burum v. State, supra. The distinction is a narrow one between the rules stated in *Caruthers,* supra, and *Burum,* supra, upon which we find the decision in this case must rest.

There is substantial evidence in this record that the area where the drug purchases were made was a common meeting ground for persons involved in the drug culture. The facts in this case are that the purchase made by one agent was of brown heroin, while the purchase made by the other was white. There was no connection between the two sales except the fact that they were allegedly made by the same person. There was nothing unique or characteristic about the manner in which the sales were made which was any different from the manner in which countless other sales and purchases are made in the course of policing the drug traffic. It is fairly conceded by the State that evidence of one of the sales would not be admissible in a trial of the other. In weighing the prejudice to the defendant in this case by the denial of the severance against the considerations of economy and expedition in judicial administration we are of the view that denial of the severance worked to defendant's prejudice to the extent that he was denied a fair and impartial trial.

Insofar as the admission of the photograph into evidence is concerned, we do not find error in the action of the trial court. The witness was unable to fix the date the photograph was taken within any reasonable proximity to the date of the offense with which defendant was charged. As suggested by the State, demonstrative evidence such as the photograph should be admitted with great caution where it is corroborative of evidence representing physical characteristics as transitory as long or short hair, sideburns, mustaches, or beards. The jury had the benefit of the witnesses testimony and description of the defendant, and unless the date the photograph was taken could be fixed with reasonable certainty as having been made at a time in close relationship with the date of the offense, we cannot hold the trial judge in error in denying its admission.

Reversed and remanded for the reasons stated herein.

GALBREATH and RUSSELL, JJ., concur.