James COLLARD, alias, Petitioner,

v.

STATE of Tennessee, Respondent.

Supreme Court of Tennessee.

Aug. 18, 1975.

Eric D. Christiansen, Greeneville, for petitioner.

R. A. Ashley, Jr., Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, for respondent.

## OPINION

COOPER, Justice.

James Collard was convicted of selling Lysergic Acid. Diethylamide (LSD) to an undercover agent of the Tennessee Bureau of Investigation and was sentenced to serve not less than five nor more than seven years in the state penitentiary and was fined $1,000.00. The Court of Criminal Appeals, by a split decision affirmed the conviction. The disagreement in the Court of Criminal Appeals was limited to the action of the trial court in allowing the state to cross-examine defendant as to the use of drugs and defense witnesses as to their knowledge of the use of drugs in defendant's dormitory room at a time prior to the date of the offense for which defendant was being tried. Certiorari was granted to determine if the cross-examination was proper and, if not, was it prejudicial to defendant.

The sale for which defendant was indicted and convicted allegedly took place at about 6:45 p. m. on October 20, 1972, in defendant's dormitory room at Tusculum

College. The defendant relied on an alibi defense and produced several witnesses who placed defendant on the basketball court at Tusculum College at the time the alleged sale took place.

The record shows that the district attorney general concluded his cross-examination of the defendant with the question:

"Q. You've used drugs?

"Mr. Christiansen: I object.

"The Court: Overruled. His knowledge of these matters. Overruled.

"Mr. Christiansen: I'm sorry. I didn't hear your Honor.

"The Court: I said he may ask him about that as to his knowledge of drugs. Go ahead.

"A. Yes."

Jeff LaSalle, the roommate of the defendant, was asked "[if he were] aware of the fact that drugs were used in his room," to which he answered, "yes." The trial court then instructed the jury "you will consider that not on the guilt or innocence on this occasion but if it gives you any . . . of the state of mind with which the parties acted on that occasion you may consider that and for no other purpose."

The defendant's girlfriend, Karen Malzan was asked, "You've been in Mr. Collard's room when drugs were being used?" She replied, "Yes sir." The trial court said, "Same explanation, gentlemen, as before. You'll not consider that on the issue of guilt or innocence, but on knowledge of drugs and for no other purpose." Similar questions were asked of defense witnesses, Bob Sweeney and Jeff Reeves, always over objection of defense counsel.

■ Proof in a criminal prosecution which tends to show that the accused is guilty of the commission of other crimes and offenses generally is inadmissible for the purpose of proving the commission of the particular crime charged. *Carroll v. State*, 212 Tenn. 464, 370 S.W.2d 523 (1963); *Harris v. State*, 189 Tenn. 635, 227 S.W.2d 8

(1950). There are numerous exceptions to this rule, for instance evidence may be introduced of other crimes or acts of misconduct to show (1) motive, (2) intent, (3) guilty knowledge, (4) identity of the defendant, (5) absence of mistake or accident, and (6) a common scheme'or plan for commission of two or more crimes so related to each other that proof of one tends to establish the other. *McGowen v. State*, 221 Tenn. 442, 427 S.W.2d 555 (1968); *Carroll v. State, supra; Wrather v. State*, 179 Tenn. 666, 169 S.W.2d 854 (1943). See also McCormick on Evidence (1954), Section 157. Also, defendant and his witnesses can be cross-examined as to specific acts which involve moral turpitude or as to any misconduct which tends to show the witnesses lack of veracity or that he is untrustworthy. The latter basis for admission of evidence of acts of misconduct of a witness, approved by this court in *State v. Fowler*, 213 Tenn. 239, 373 S.W.2d 460 (1962) and *State v. Manning*, Tenn., 490 S.W.2d 512 (1973), is not to be taken as an open door to admission of every act of misconduct of the defendant or the witness on the assertion the evidence is offered to test credibility or to prove untrustworthiness, but must be limited to specific acts of misconduct which have a direct bearing on the issue of truthfulness or trustworthiness, such as an act of dishonesty, or the making of a false statement, or the continued and flagrant violation of the laws of the state. See *Davis v. Wicker*, 206 Tenn. 403, 333 S.W.2d 921 (1960).

■ The cross-examination of the defendant and his witnesses set out above does not fall within any of the exceptions to the general rule that excludes evidence of crimes or misconduct other than the offense for which the defendant is being tried. All that is revealed by the cross-examination is that the defendant used an unspecified drug at an unspecified time in defendant's dormitory room. The term "drug" is a generic term embracing literally thousands of substances and compounds, some of which are legal and some of which are illegal. The implication to be drawn from the cross-

examination complained of, coming as it did when defendant was charged with selling a controlled substance or drug, was that the drugs used by the defendant and used in his room were illegal. This is what made the cross-examination devastating to the defense. To limit the chance of error to be drawn from evidence of other offenses, the state is restricted to cross-examining witnesses as to "specific acts" of misconduct, when the misconduct is not relevant to prove an element of the offense for which the defendant is on trial. The state having failed to limit its cross-examination to specific acts of misconduct at a specific time in this case, the cross-examination was improper and the testimony elicited over the objection of the defendant was inadmissible.

The state insists, and a majority of the Court of Criminal Appeals concluded, that the cross-examination of defendant and his witnesses tends to show lack of veracity or trustworthiness on the part of the witnesses and was thus admissible. Apart from the fact that the witnesses were not examined as to specific acts of misconduct, we see no direct connection between the use of an unspecified drug at an unspecified time, or knowledge of the use of drugs in defendant's dormitory room, and the veracity of the witnesses.

The judgment of conviction in this case is reversed, and the case is remanded to the Criminal Court of Greene County for retrial.