**STATE of Tennessee, Appellee,**

v.

**Joseph Thomas PEACOCK,
III, Appellant.**

Court of Criminal Appeals of Tennessee,
at Nashville.

April 20, 1982.

Permission to Appeal Denied
by Supreme Court
Sept. 7, 1982.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Weakley E. Barnard, Jack E. Seaman, Asst. Dist. Attys. Gen., Nashville, for appellee.

Robert H. Schwartz, Nashville, for appellant.

## OPINION

WALKER, Presiding Judge.

The principal question on this appeal is whether the trial judge erred by refusing to grant a severance of offenses in this case. We hold that he did not err.

Appellant, Joseph Thomas Peacock, III, was charged in a 12-count indictment with five counts of armed robbery, three counts of aggravated rape, two counts of aggravated sexual battery, one count of carrying a pistol with the intent of going armed, and one count of concealing stolen property, the same pistol.

Counts 1 through three concerned offenses occurring at the Cohea residence in Nashville on June 15, 1979; counts four through six charged appellant with offenses which occurred June 9, 1979, at the Benton residence in Nashville; counts seven through ten involved offenses occurring June 22, 1979, at the McCarter residence, also in Nashville. Counts 11 and 12, concerning possession of the pistol, stemmed from appellant's arrest in July 1979.

Appellant filed a pretrial motion pursuant to Rule 14(b)(1), Tenn.R.Crim.P., seeking a severance of counts one to three, four to six, and seven to 12. The trial court severed counts 11 and 12, but denied the motion in all other respects. Appellant was tried under counts one to ten and was found not guilty of all the armed robbery charges at the Benton residence in counts four to six. The jury could not agree in count ten, which charged appellant with aggravated rape. A mistrial was declared as to this count.

Under the other counts of the indictment, the jury found appellant guilty of two counts of armed robbery, one each at the Cohea and McCarter residences, and fixed punishment at ten years under each count. The jury also found appellant guilty of two counts of assault with intent to commit or attempt to commit sexual battery at the Cohea residence and fixed not less than two nor more than three years in each.

Further, the jury found the appellant guilty of two counts of aggravated rape of Mrs. McCarter with life imprisonment under each count. All sentences were ordered by the trial court to run consecutive, except that the two sentences for assault with the intent or attempt to commit sexual battery were ordered to run concurrent to each other and consecutive to the other sentences.

At trial the appellant admitted that he robbed all three residences, but claimed that he demanded and took only controlled substances, particularly marijuana and THC, from each residence. He denied all the charges of sexual offenses.

The state's proof showed that in all three robberies the appellant first knocked on the doors to the houses before entering. He demanded money, drugs and jewelry. In each case appellant forced his victims to disrobe. He used a pistol during all the robberies, and he repeatedly told his victims to not look at his face or he would shoot them. Appellant warned his victims that if they called the police he would return to shoot them. The proof showed that the victims' residences were in relatively close proximity to each other. Appellant committed sexual offenses at two of the three residences.

Under Rule 8(b), Tenn.R.Crim.P., separate and distinct offenses may be joined in one indictment if (1) the offenses are of the same or similar character or (2) the offenses constitute parts of a common scheme or plan.

Under Rule 14(b)(1), Tenn.R.Crim.P., a defendant has a right to a severance of offenses joined by Rule 8(b) unless (1) the offenses are part of a common scheme or plan and (2) the evidence of one would be admissible upon the trial of the others.

■ The state argues that the appellant has waived the issue concerning severance of the offenses because no affidavit was filed with the motion to sever. Rule 14, Tenn.R.Crim.P., does not require that an affidavit be filed. This argument by the state is without merit. Likewise, the matter of severance of offenses under Rule 14(b)(1) is not solely within the discretion of the trial court. See the committee comments to Rule 14(b)(1). Cases to the contrary, e.g. *Hardy v. State*, 519 S.W.2d 400, 402 (Tenn.Cr.App.1974), predated the present rules governing severance of offenses.

The first question to be determined is whether the three separate sets of offenses for which appellant was tried constituted "parts of a common scheme or plan."

In *Webster v. State*, 1 Tenn.Cr.App. 1, 31, 425 S.W.2d 799, 811 (1967), considering evidence of other crimes, the court considered the common scheme or plan exception and quoted from 20 Am.Jur., Evidence, sec. 314, page 296:

" 'Common Scheme or Plan.—Evidence of other crimes is competent in a criminal trial to prove the specific crime charged when it tends to establish a common scheme, plan, or system embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others, notwithstanding the general rule excluding evidence which shows, or tends to show, that the accused has committed another crime wholly independent of that for which he is on trial. In other words, the law permits proof of a plan or scheme to commit a series of crimes including the one for which the accused is being tried, and, as tending to show the existence of such plan or scheme, it allows testimony of the commission of crimes other than the one charged, but so related in character, time, and place of commission as to tend to support the conclusion that there was a plan or system which embraced both them and the crime which is charged.' "

The state argues that since the offenses were so similar in character and occurred within a relatively close proximity of time and location to each other then they are parts of a common scheme or plan.

In *Collard v. State*, 526 S.W.2d 112 (Tenn. 1975), the Supreme Court addressed the question of when evidence of crimes for which the defendant is not being tried is admissible. One exception to the general rule that such "other crimes" evidence is inadmissible is when evidence of the other crimes shows "a common scheme or plan for commission of two or more crimes *so related to each other that proof of one tends to establish the other." Collard v. State*, supra, at 114 (emphasis added).

In *State v. Pritchett*, 621 S.W.2d 127 (Tenn.1981), the defendant was convicted of the murder of a taxicab driver during a robbery. On cross-examination of the defendant, the state's attorney was permitted to ask the defendant whether or not he had intended to rob another cab driver who was called to the defendant's remote residence the day before the murder.

The Supreme Court stated:

"(The) background presented a situation suggesting that defendant may have called Ms. Quarles (the first cab driver) for the purpose of robbing her, and such evidence would have been admissible as tending to show a common scheme or plan for the commission of two or more crimes related to the crime on trial." 621 S.W.2d at 135

In *State v. Perry*, 116 Ariz. 40, 567 P.2d 786 (App.1977), the defendant was convicted of armed rape and armed kidnapping of a Miss F and for the kidnapping for rape and armed rape of a Mrs. N. The two victims were raped and kidnapped six days apart in the same general area. There were numerous similarities in the two separate offenses: (1) both women were taken to the desert to be raped; (2) both women's hands were taped, then freed so the victims could undress; (3) there were similar statements made by the defendant to each victim; and (4) the defendant made threats of physical harm to each victim if they told anybody what had happened. On appeal the appellant argued that the consolidation of these two offenses for trial was reversible error. The Arizona appellate court disagreed, stating:

> "Rule 13.3(a)(3) provides that offenses may be joined in an indictment if they are part of a common scheme or plan. The phrase 'common scheme or plan' as employed in Rule 13.3(a) bears the same meaning as 'common scheme or plan' used in the context of the exception to the rule against the use of evidence in one prosecution tending to prove the commission of a crime distinct and independent of the one for which the accused is on trial . . . *We think these similarities* (between the two offenses on trial) *exist where one would normally expect to find differences.* There was no error in joining the offenses." 567 P.2d at 795–96

■ Based upon the foregoing authorities, we conclude that in order to be "parts of a common scheme or plan" as contemplated by Rules 8(b) and 14(b)(1), two or more sets of offenses must be so similar in *modus operandi and occur within such a* relatively close proximity of time and location to each other that there can be little doubt that the offenses were committed by the same person(s). The mere fact that a defendant has committed a series of armed robberies, or a series of rapes, or a series of other crimes does not mean that they are part of a common scheme or plan although the offenses may be of the "same or similar character."

■ Examining the facts in the case before us, in the light of the above authorities, we have determined that the offenses charged were part of a common scheme or plan. Next, we must determine if the evidence of one would be admissible upon the trial of the others. Rule 14(b)(1), Tenn.R. Crim.P. Since we have determined that the offenses were all part of a common scheme or plan, then the evidence of each would be admissible in the trials of the others. *Collard v. State,* supra, 526 S.W.2d at 114; *State v. Pritchett,* supra, 621 S.W.2d at 135.

Therefore there was no error in denying the appellant's motion for a severance. This issue is overruled.

In his next issue, appellant contends that both of the convictions for aggravated rape of Mrs. McCarter can not stand. Appellant was convicted in one count for fellatio on the victim and in another count for having sexual intercourse with the victim. The record reflects that the appellant forced the victim to commit these acts while he was armed with a pistol.

At the time of the offenses, TCA 39–3703, the statute proscribing aggravated rape, stated in part:

> "(a) Aggravated rape is unlawful sexual penetration of another accompanied by any of the following circumstances:
>
> (1) The actor uses force or coercion to accomplish the act, and
>
> (A) The actor is armed with a weapon . . ."

TCA 39–3702 defines "sexual penetration" as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, . . ."

The appellant argues that both of these acts constitute a single criminal enterprise,

thus both convictions can not stand. The single transaction rule no longer applies in determining such matters. *State v. Black*, 524 S.W.2d 913 (Tenn.1975). The applicable rule is whether separate acts were required for the separate crimes involved.

 The evidence showed that appellant raped the victim, as rape is now defined, first by forcing her to commit fellatio on him and then raped her by penetrating her vagina. This is sufficient to support more than one conviction. This issue is overruled.

In his last issue, appellant argues that the trial court erred in ordering consecutive sentencing. The trial court based his decision on the conclusion that appellant was a multiple offender and also a dangerous offender and because appellant had no hesitation in committing a crime where the risk to human life is high.

 Appellant was convicted of four sex related crimes and two armed robberies. During the course of these criminal activities, he threatened his victims with death, repeatedly clicked his loaded pistol and returned to the Cohea residence a few days after the robbery and sexual assaults and after the victims had called the police.

There was no error in ordering the consecutive sentencing. *Gray v. State*, 538 S.W.2d 391 (Tenn.1976).

The convictions are affirmed.

BYERS and CORNELIUS, JJ., concur.