Cleveland C. SHAW et al.,
Plaintiffs-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

March 12, 1976.

Certiorari Denied by Supreme Court
July 26, 1976.

James C. Vance, Nashville, for Shaw.

Robert H. Schwartz, Nashville, for Mack.

James W. Rutherford, Nashville, for Dunn.

R. A. Ashley, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Aaron Wyckoff & Sterling P. Gray, Asst. Dist. Attys. Gen., Nashville, for defendant-in-error.

## OPINION

WALKER, Presiding Judge.

Cleveland C. Shaw, James Mack and Frank James Dunn, the defendants below, appeal in error from their convictions of robbery accomplished by means of a deadly weapon and their respective sentences of 40, 10 and 25 years in the penitentiary.

All complain that the trial court erred by permitting an amendment to the indictment on their objection. In part, the indictment as returned by the grand jury reads:

"The Grand Jurors for the State of Tennessee, . . . present: That: Cleveland C. Shaw, James Mack, and Frank James Dunn heretofore, and prior to the finding of this indictment, to-wit, on the ___ day of January, 1974, with force and arms, in the County aforesaid, unlawfully and feloniously did make an assault upon the body of one William C.
they
Rose and Michael Reeves, and xxx the said
_____, then and there unlawfully and feloniously put in fear and danger of their lives
xxxxxxxx, and then and there unlawfully, feloniously, and violently did steal, take, and carry away from the person and against the will of the said William C. Rose and Michael Reeves certain personal property, to-wit: . . . ."

After the jury was sworn and the defendants had pled not guilty to the indictment, they moved that the proof be restricted to the offense of assault and battery, contending that this is the only offense alleged in the indictment. The court thereupon permitted the indictment to be amended by striking the words "they the said" and adding the word "them" so that it read, in pertinent part:

". . . (U)nlawfully and feloniously did make an assault upon the body of one <u>William C. Rose and Michael Reeves</u>, and _____ _____, then and there unlawfully and feloniously put them in fear and their lives danger of xxxxxxxx, and then and there unlawfully, feloniously, and violently did steal, take, and carry away . . . ."

The defendants argue that it would be necessary to recommit the indictment to the grand jury to make the changes they claim material or for them to consent under TCA 40–1713 to the amendment. The state relies on *Murff v. State,* 221 Tenn. 111, 425 S.W.2d 286, where an arrest warrant was amended.

In *State v. Brown,* 50 Tenn. 1 (1870), a similar question to that before us was raised when the trial judge sustained a demurrer to an indictment which, after charging the defendants by name, with an assault and battery on the prosecutor, proceeded "they, the said," omitting to repeat their names, and then continued with the allegations. The Supreme Court reversed the trial court and held that the indictment was sufficiently precise as drawn. In sustaining the indictment, it said:

". . . (I)t was not necessary to repeat the names of the defendants in the indictment, although the words 'the said' would seem to indicate that such was the purpose of the draughtsman; that those words may be rejected as surplusage, and that the word 'they,' which immediately precedes them, has distinct reference to, and upon any correct rule of grammatical construction can only mean, the defendants, whose names are stated in the previous part of the indictment. The words —'they, the said, having in their possession certain pistols,' &c.—so evidently refer to the persons previously named, that the meaning can not be considered as doubtful; and 'clerical or grammatical errors will not vitiate an indictment, unless the meaning is obscured.' "

■ In the case before us, the indictment as originally drawn was sufficient under TCA 40–1802, the amendment was surplusage and the immaterial amendment was not prejudicial. This assignment is without merit.

■ The state's evidence shows that on January 9, 1974, about 9:30 p. m., Dunn and Shaw, armed with pistols, forced Michael Reeves and William Rose, employees of the Brown Derby Liquor Store, into the back room of that Nashville store, struck them with pistols, robbed them of their personal property and locked them in a bathroom. A passing officer's attention was attracted when he saw Mack standing in the store with his hands in the cash register. The officer, knowing that Mack did not work there, called for assistance and then went in the store. On his arrival, Mack went into the back of the store and returned, saying that he came to buy some whiskey but no one was there. At this time, the officer ordered Mack to lie down on the floor and Shaw came from the rear and shot his carbine at the officer. There was an exchange of fire between those in the rear and the officer. Mack jumped up from the floor, leaped the counter, and ran into the rear of the building. A heated gun battle ensued until the three defendants surrendered. Mack said, "I want to give up." Shaw had Reeves' wallet in his pocket. Mack had no weapon or unusual amount of money. The money taken from the cash register was in a brown bag in the rear of the store.

None of the defendants testified. Mack showed by an officer he had no previous record and Dunn's father testified he had had no previous trouble.

Dunn and Shaw were positively identified by Reeves and Rose as robbers. Mack had

his hands in the cash register. His conduct in going to the rear of the store when the officer entered, then returning to the front and saying that nobody was there, followed by Shaw's entrance with the carbine, supports the conclusion that he went to the rear to alert Dunn and Shaw to the officer's presence and that he was participating in the robbery. This evidence sustains the verdict as to all defendants. *Schweizer v. State,* 217 Tenn. 569, 399 S.W.2d 743.

■ The verdicts were within the limits fixed by statute and were not excessive as claimed by Shaw and Dunn. Likewise without merit is their contention that the evidence of the gun battle was inadmissible. This was part of the res gestae. Further, they did not object at trial. This assignment is overruled.

■ Shaw and Dunn also claim they were denied a speedy trial. They were arrested January 9, 1974, indicted July 24, 1974, and tried January 20, 1975, one year and 11 days after the offense.

They say they should have been brought to trial within one year of the offense. They made no speedy trial demand and show no prejudice. This was not an unreasonable delay. See *McGowen v. State,* 221 Tenn. 442, 427 S.W.2d 555. Under the rules for considering speedy trial issues laid down in *State v. Bishop,* Tenn., 493 S.W.2d 81, this assignment is meritless.

All assignments are overruled and the judgment is affirmed.

RUSSELL and DUNCAN, JJ., concur.