**Hershel EDMONDSON, Appellant,**

**v.**

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

Jan. 17, 1979.

Robert E. Burch, Dickson, for appellant.

Brooks McLemore, Jr., Atty. Gen., William O. Kelly, Asst. Atty. Gen., Nashville, James Kenneth Atkins, Asst. Dist. Atty. Gen., Charlotte, for appellee.

## OPINION

O'BRIEN, Judge.

Defendant was brought to trial on a two count indictment charging sodomy, and an

attempt to commit sodomy. The State elected to proceed on the second count of the indictment. Defendant was found guilty by the jury. Judgment was entered on the verdict fixing punishment at ninety (90) days in the County Jail in addition to a fine of Twenty-Five Dollars ($25.00).

On this appeal defendant makes two assignments of error, averring:

(1) The Court erred in declaring a witness to be hostile and permitting the State to cross-examine him and impeach his testimony by introduction of a prior inconsistent statement.

(2) That the evidence was insufficient to sustain a verdict of guilt because an overt act constituting an attempt had not been proven.

The first witness to testify was the other participant in the offense, a thirteen-year-old child, who was twelve years of age at the time the incident occurred. It was immediately apparent that this witness purposed to deny the occurrence of any of the events necessary to make out the offense. The State's attorney proceeded to initiate a cross-examination in reference to an inconsistent statement previously made by the witness to police officers. Upon objection by defense counsel the attorney general stated it was his intent to impeach the witness as a hostile witness and because he was surprised by the nature of the testimony. The jury was excused and an extensive hearing initiated in the course of which the witness admitted making the statement in which he had incriminated the defendant, but denied its truth. His insistence was that he had made the statement because he was "scared" of the police and of the juvenile judge before whom he had previously appeared, who, according to his testimony, told him "he would send me up" if he came before the juvenile court again. In the course of his testimony he stated that he had informed the district attorney on the day before that the information contained in his pretrial statement was untrue. The

trial judge ruled that State's counsel might proceed to cross-examine the witness in an attempt to impeach his testimony because of the hostility demonstrated by the witness and his reluctance to testify. He stated there were elements of both surprise and hostility in the evidence which he had heard.

When the jury returned State's counsel began examining him in reference to the prior inconsistent statement. The witness again admitted giving the statement to the police officers but denied the truth of its contents. The cross-examination continued by the use of pointed and leading questions in the course of which the witness admitted making the statement, disavowed its contents, and alternatively testified to facts which confirmed the statement and detailed the events which occurred prior to the arrival of the police and the apprehension of defendant.

Defendant contends in support of his first assignment that in order to impeach ones own witness who has become hostile the element of surprise must also exist. Various authorities are cited to sustain this opinion including some text book as well as case law in this State. The law is not entirely clear on the subject. *King v. State,* 187 Tenn. 431, 215 S.W.2d 813 (1948), cited by defendant, is precisely on point on the issues. In that case our Supreme Court said:

"Under the peculiar facts of this case, bearing in mind that the defendant and his daughter are in pari delicto, but that nevertheless, it was necessary for the State to put the daughter on the stand to establish the guilt of the defendant, we think the correct rule is thus stated:

'The general rule obtains in criminal as well as civil cases, that a party cannot impeach his own witness, but this is subject to the exception that where a party is compelled to call an indispensable witness, or a witness that is hostile taking the party by surprise, such witness may be impeached by the party

**904**

calling him. This exception is equally applicable to the prosecution, because the state must bring forward all witnesses obtainable, and it would be unfair to the prosecution where it could not contradict an unexpectedly hostile witness. In such case the hostility may be shown by the witness himself or otherwise, and he then may be examined as to his contradictory statements; but the impeachment of one's own witness is limited to those cases where his testimony is in direct contradiction to his prior statements, and he cannot be impeached where he is merely reluctant to give testimony or unless the testimony is actually prejudicial.' Wharton's Criminal Evidence, Vol. 1, 10th Ed., Sec. 484a, p. 1002."

■ It is fundamental that in a case where an indispensable witness is hostile, surprise is not an essential element to the right of impeachment. In *Mays v. State,* 495 S.W.2d 833 (Tenn.Cr.App.1972), in which two witnesses had repudiated earlier statements they were considered to be indispensable witnesses because the State depended entirely on their testimony to corroborate accomplices' testimony. It was known beforehand that their testimony would be hostile. In *King v. State,* supra, in identical circumstances to those we have here, it was necessary for the State to put a young woman on the stand to establish the guilt of her father who was charged with an incestual relationship. As in *King,* the young boy in this case was the only actual witness to the offense charged. Also, under the law, he was considered an accomplice. *Sherrill v. State,* 204 Tenn. 427, 321 S.W.2d 811 (1959); *Boulton v. State,* 214 Tenn. 94, 377 S.W.2d 936 (1964). Of course, his prior inconsistent statement cannot be accorded any value as substantive evidence, *King v. State,* supra, 81 Am.Jur.2d, Witnesses, Section 631. This being the law, there was no abuse of the trial court's discretion in allowing the further cross-examination of the witness which brought out the actual testimony of the events surrounding the incident with which defendant is charged. We overrule the assignment.

It is defendant's insistence that there was insufficient evidence to sustain the verdict of the jury because an overt act constituting an attempt to commit a felony was not shown by the State's evidence.

■ The young participant in the criminal act with which defendant is charged testified to events which took place which certainly made out a case against defendant. There is ample evidence in the record to corroborate his testimony. The proof is that defendant took the twelve-year-old boy, after midnight, ostensibly to give him a ride home, and parked for between thirty minutes and an hour on a side road in an opposite direction from where he lived. When the police officers approached the car they observed two people rise up from the middle of the front seat. One person went to his left under the steering wheel and the other to the right on the passenger side of the vehicle. When defendant got out of the car his belt was undone, his trousers were unzipped and his shirttail was partially out. He first told the officers he had stopped to relieve himself and then amended his statement to say he was waiting for a girlfriend when the officer inquired why he was still there. The young boy's clothing was disarranged and pulled awry. His belt was not buckled and his shirttail was partially out. Defendant's tale that he was waiting for a girlfriend was denied in court by the person he had named. It is not the province of this court to substitute its own inference for those drawn by the jury from the evidence. We overrule the assignment.

The judgment of the trial court is affirmed.

DUNCAN and DAUGHTREY, JJ., concur.