**INTERNATIONAL PAPER COMPANY et al., Appellants,**

v.

**R. C. AYDELOTT et al., Appellees.**

**No. 8652.**

Court of Civil Appeals of Texas, Texarkana.

May 29, 1979.

Rehearing Denied June 26, 1979.

Pat C. Beadle, Beadle & Beadle, Clarksville, for appellants.

Harry B. Friedman, Harkness, Friedman & Kusin, Texarkana, for appellees.

CORNELIUS, Chief Justice.

This suit was brought by R. C. Aydelott and several others to obtain an injunction prohibiting International Paper Company and its lessee, Sulphur River Hunting Club, from denying them the use of certain roads which pass over International's lands in Red River County. Trial was to a jury which found that the roads had been dedicated as public roads and also that the plaintiffs had acquired a prescriptive easement. In response to the jury verdict the court issued a

permanent injunction prohibiting any interference with the plaintiffs' use of the roads.

International has appealed from the judgment, raising the contention, among others, that there was no evidence or insufficient evidence to justify the submission to the jury of either of the special issues on public dedication and prescriptive easement, and that it was entitled to judgment as a matter of law. We agree.

The original petition on which the plaintiffs went to trial alleged only that they had acquired a prescriptive easement over a certain road described generally as one which " . . . commences at or near the Eastern border of the Red River County Line where it joins Bowie County in the P. Dalby Headright Survey and continues along the M.E.P. & P. R.R. Co. Headright Survey in Red River County, said land going from Easterly to Westerly almost parallel with the Northern border of said M.E.P. & P. R.R. Co. Headright Survey, . . ". Originally, it was plaintiffs' theory and testimony that they had used the road so described to reach various parcels of property owned by them in certain surveys located to the west of International's land. However, faced at the trial with claims that there was no road on International's land which met the description they pleaded, but only those roads shown on International's Exhibit No. 2,[1] the plaintiffs filed a trial amendment. The amendment described the roads shown on Exhibit 2 both by course and bounds and by reference to the exhibit, and pleaded that the roads so described and shown on the exhibit were the ones used by the plaintiffs, and that they had been dedicated to the public by the landowners prior to International's acquisition of title. After the filing of the amended pleading, plaintiffs re-offered their witnesses who then testified that the roads they used and the only ones they claimed were those shown on Exhibit 2. The roads were further identified when the court's charge limited the special issues to those roads described in the trial amendment and shown on Exhibit 2.

■ The special issue inquiring if plaintiffs acquired an easement by adverse possession should not have been submitted. The undisputed evidence, both from plaintiffs' witnesses and from those produced by International, revealed that the use of the roads by the plaintiffs was in common with that of the owner, International Paper Company, and its lessee. In those circumstances, the use was not exclusive and adverse, and it will not support a finding of an easement by prescription. *Brooks v. Jones,* 578 S.W.2d 669 (Tex.1979), and authorities there cited.

■ The special issue inquiring if the road had been dedicated to the public should not have been submitted to the jury because plaintiffs' pleadings and their own testimony showed that the roads do not lead to or touch any land in which any of the plaintiffs has a property interest. They extend only from International's north boundary line to the Sulphur River which is its south boundary. A public dedication of a roadway or easement may be enforced by the public authorities of the state, county or municipality involved, but it is enforceable by private landowners only if they have a *property interest* which will suffer if the publicly dedicated way is obstructed. Otherwise, they have no justiciable interest. *Brooks v. Jones,* supra. The plaintiffs testified that they used the roads described in Exhibit 2 to get to the Sulphur River to hunt and fish, but that is not a property interest or right, different and apart from the rights of the public in general, as will give them the requisite justiciable interest or standing to enforce the claimed public dedication.

As the undisputed evidence showed that plaintiffs' use of the roads was not exclusive as is required for a prescriptive easement, and that they have no property interest which would be adversely affected by a closing of the alleged public roads described in the pleadings and the court's charge, there was no evidence to justify the submis-

1. See plat attached.

sion of the jury issues, and International was entitled to judgment as a matter of law.

There was some testimony indicating that the roads shown on Exhibit 2 may have branches extending from them which ultimately lead to lands in which some of the plaintiffs own interests, and it may be that plaintiffs can establish a sufficient justiciable interest to enforce a claimed public dedication of those roads, but they are not at issue in this suit. Plaintiffs' pleadings and the court's charge explicitly limited the instant litigation to the roads shown on Exhibit 2, which roads are located exclusively on International's land and lead only to the Sulphur River.

For the reasons stated, the judgment is reversed and judgment is here rendered that the plaintiffs take nothing.