**STATE of Tennessee, Appellee,**

v.

**Jimmy MARLOW, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Nov. 17, 1983.

Permission to Appeal Denied by Supreme Court Jan. 30, 1984.

William B. Bruce, Nashville, for appellant.

William M. Leech, Jr., Atty. Gen., Jerry L. Smith, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., David Raybin, Asst. Dist. Atty. Gen., Nashville, for appellee.

1. We note that the defendant married Leila's

## OPINION

DUNCAN, Judge.

The defendant, Jimmy Marlow, was convicted of aggravated sexual battery, for which he was sentenced to serve twenty-two (22) years in the penitentiary. On appeal the defendant contends that the trial court erred in allowing the State to impeach one of its own witnesses, alleges that other impeachment testimony was erroneously admitted, claims that prejudicial remarks were made by the trial judge and the prosecuting attorney during the State's closing argument, and argues that the State should not have been allowed to amend the indictment. We find no reversible error and affirm the judgment below.

The defendant has not challenged the sufficiency of the evidence and thus, we will only briefly summarize it. The victim in this case, Kim Moss, testified that she was nine (9) years old at the time the crime occurred, and that she was a friend of Leila Cothran.[1] While spending the night with Leila at Leila's house in December of 1980, Kim was sexually molested by the defendant. Kim testified that Leila was present when the attack took place, and that Leila was also sexually molested by the defendant. The defendant denied sexually abusing either child.

The defendant's first contention is that the trial court erred when it allowed the State to impeach its own witness, Leila Cothran, as a hostile witness. We disagree. In this case, Leila had given a statement to the police in which she described in detail the attacks made by the defendant upon Kim and her. Leila later recanted this statement, and at trial she testified that the defendant had never attacked her. When the State used her statement to attempt to impeach her credibility, Leila admitted making the prior statement but claimed that the statement was false.

A party may impeach a hostile witness if the witness is indispensable or takes the party by surprise. *King v. State*, 187 Tenn. 431, 215 S.W.2d 813 (1948); *Martin*

mother after these offenses were committed.

*v. State,* 584 S.W.2d 830 (Tenn.Cr.App. 1979). The element of surprise is not essential, if the hostile witness is indispensable. *Edmondson v. State,* 579 S.W.2d 902 (Tenn.Cr.App.1979); *Mays v. State,* 495 S.W.2d 833 (Tenn.Cr.App.1972). The State does not insist that it was surprised, but argues that the witness was indispensable.

We point out that because both of these girls were alleged to have been assaulted at the same time, and in the presence of each other, then evidence of each crime would be admissible at the trial of the other crime, as it concerned the same transaction and formed part of the *res gestae.* *See Ellison v. State,* 549 S.W.2d 691 (Tenn.Cr.App.1976); *Russell v. State,* 489 S.W.2d 535 (Tenn.Cr.App.1972).

In the present case, since Leila was the only witness who could lend support to the young victim's testimony that both had been attacked by the defendant, then in our opinion she was an indispensable witness. Thus, when her testimony at trial was contrary to her prior statement, then it was proper to allow the State to use her prior statement to impeach her credibility. The trial court gave the jury a cautionary instruction to the effect that this statement was not substantive evidence, and was only to be considered on the issue of Leila's credibility. We find no merit to this issue.

The defendant next asserts that it was improper to admit the testimony of a social worker, Ms. Lynn Chandler.

Leila, in her testimony, had emphatically denied that after the recantation of her original statement, she later told Ms. Chandler that she (Leila) had in fact been sexually abused by the defendant. The State then offered Ms. Chandler as a witness, and she testified that Leila had told her that the defendant had abused her.

The trial court allowed the admission of Ms. Chandler's testimony as impeachment evidence, and once again the trial court cautioned the jury that they were to consider it only on the issue of Leila's credibility. The defendant claims that since Leila was not the victim in this case, then this testimony regarding whether Leila stated that she had been abused or not was merely collateral to this trial, and not proper impeachment.

Extrinsic evidence of a prior inconsistent statement of a witness is inadmissible to impeach the statement of a witness on cross-examination as to collateral matters. *State v. Hill,* 598 S.W.2d 815, 820 (Tenn.Cr.App.1980). A collateral fact is one which affords no reasonable inference as to the principal matter in dispute. *Saunders v. City and Suburban R. Co.,* 99 Tenn. 130, 41 S.W. 1031 (1897). If the inquiry on cross-examination is as to an inconsistent statement about a collateral matter, the cross-examiner is bound by the witness's answer, and cannot bring on other witnesses to prove the making of the alleged statement. If the inconsistent out-of-court statement is relevant to the material facts in issue, then it is not collateral. The statement must be independently relevant to prove bias before the inconsistent statement can be shown by extrinsic evidence. *See* D. Paine, *Tennessee Law of Evidence* §§ 192–218 (1974).

Therefore, the relevant inquiry in the present case is whether Leila's inconsistent statement concerned a collateral or a noncollateral matter, and as we discussed above, evidence regarding the attack on Leila was proper evidence at this trial as part of the *res gestae,* and thus, since Leila's inconsistent statement did not concern a collateral matter, then Ms. Chandler's testimony was properly admitted for impeachment purposes.

Next, the defendant alleges that reversible error occurred when the assistant district attorney and the trial judge made the following comments during closing argument. The assistant district attorney commented:

> Where is Mrs. Marlow? She's the defendant's wife. There are four billion people in this world. And there's two people in this world that I can't call as witnesses. One of them's the defendant.

Only the defense attorney can call the defendant. And the other one—

Defense counsel objected at this point that this was an incorrect statement of the law. In response, the trial judge stated:

I'll charge them as to the law, and you can continue with your argument, Mr. Raybin. I think it would be somewhat unseemly to call the defendant's wife, but I think we can move on to the other part of your argument.

 The defendant has not demonstrated that any prejudice resulted to him because of these remarks, and since we do not find that it "more probably than not affected the judgment" the error is harmless. *T.R.A.P.* 36(b); *Tenn.R.Crim.P.* 52(a).

Finally, the defendant contends that the trial court erred in allowing the State to amend the indictment to correct the date of the offense. The defendant argues that the amendment prejudiced him because it allowed the State to introduce through the impeachment of Leila evidence that the defendant assaulted Kim at the same time that he assaulted Leila. There is no merit to this issue.

*Tenn.R.Crim.P.* 7(b) provides in pertinent part that:

If no additional or different offense is thereby charged and no substantial rights of the defendant are thereby prejudiced, the court may permit an amendment without the defendant's consent before jeopardy attaches.

It is undisputed that no new offense was charged by the amended indictment. Moreover, the trial judge was careful to inquire whether the defendant would need additional preparation time, and we note that no continuance was sought. Further, the motion to amend was granted on November 24, 1982, and the trial did not commence until November 29, 1982. As to the defendant's claim that by reason of the amendment, the State was able to introduce evidence which was otherwise inadmissible, we point out that the testimony about Leila's inconsistent statement was admitted only for impeachment purposes and not as substantive evidence. We conclude that no substantial rights of the defendant were prejudiced by reason of the amendment.

We find no reversible error, and the judgment is affirmed.

O'BRIEN and DAUGHTREY, JJ., concur.