**STATE of Tennessee, Appellee,**

v.

**THIEN DUC LE, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

July 15, 1987.

Permission to Appeal Denied by Supreme Court Nov. 9, 1987.

W.J. Michael Cody, Atty. Gen. & Reporter, Ann Lacy Johns, Asst. Atty. Gen., Nashville, Chris Craft, Asst. Atty. Gen., Memphis, for appellee.

Richard Joseph Ryan, Jr., Memphis, for appellant.

## OPINION

O'BRIEN, Judge.

Defendant was convicted in the Shelby County Criminal Court of robbery with a deadly weapon. He was sentenced as a Range I mitigated offender to the minimum sentence of ten (10) years for the offense.

Several issues are submitted for reversal, three of which apply to the sufficiency of the evidence.

The State introduced evidence to show that defendant entered a 7–11 Quick Service Food Market at approximately 3:00 a.m., pointed a pistol at the clerk on duty and demanded the money from the cash register. He snatched the money from the clerk's hand and told him to lay down on the floor. The victim followed him from the store, saw him cross the street and get into his car. He watched the car make a right turn a short distance away, then apparently reverse its direction and come back across the intersection as he watched. He said defendant first asked for a package of cigarettes then pulled the pistol and demanded the money from the cash register. Sometime during this process he told the clerk, "some black guys robbed me." Sixty-four Dollars ($64) was taken in the robbery. A security officer who was working in the vicinity observed defendant's car go through a liquor store parking lot, cross back on a side street and turn into an apartment area. A few minutes later he heard a report of an armed robbery on his police scanner, including the information that a car involved was similar in appearance to the one he had seen. He went to the area of the apartments where the automobile had gone and remained there until the police arrived.

Police investigation turned up the defendant in his apartment. He at first denied any knowledge of the robbery but agreed to go with them to the store to see if the clerk could identify him. After the identification was made he admitted the

robbery and took the police back to his apartment where he had hidden the money, the robbery weapon and the clothes he wore in the course of the robbery.

Defendant testified that he got off from his place of employment at about 11:00 p.m. and joined a friend at another restaurant where they stayed until about 2:00 a.m. When he reached his apartment there was no space left in the parking area and he parked on an adjacent street. As he was leaving his car two men approached him and asked for a cigarette. As he offered them a cigarette one held a knife to his neck while the other took $36 from his wallet, all the money he had. One of the men said to the other, "well, I'll see you at Loeb's store". One of them punched him hard in the stomach, knocking him to the ground. Both took off running in opposite directions. He followed one of them and saw him enter the 7-11 store. He went back to his apartment, obtained his gun and drove to the store. He saw two persons pumping gas into a car outside the store. After they departed he went inside and found the clerk asleep, or feigning sleep. When he inquired about someone entering the store a few minutes earlier the clerk became abusive. Words were exchanged. He asked for some cigarettes and then realized he did not have money to pay for them. He commented that he had been robbed and had no money and the clerk endeavored to push him out of the store. At that point he pulled out his gun and attempted to explain to the clerk that he was looking for the people who had robbed him. The clerk opened the cash register and voluntarily handed him the money inside, saying "Here, those guys got you. This is your money. Take it and leave." He somehow thought the clerk was involved with the two men who had robbed him so he took the money and went home.

■ Defendant says it was error to deny him an acquittal because the State failed to introduce any evidence of violence or putting the victim in fear which is an essential element of the offense of robbery.

Robbery is the felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear. (T.C.A. § 39-2-501). In *Sloan v. State*, 491 S.W.2d 858, 861 (Tenn.Cr.App.1972) this Court stated the measure of proof necessary to establish the offense of robbery. It is to be applied in an alternative fashion to both the taking of goods by violence and to doing so by merely putting the person in fear. Only one of these elements is necessary, and employment of either to take goods or money from another is sufficient to constitute the crime of robbery. The court cited from 77 C.J.S. Robbery, § 16, p. 460, what we consider to be the current law on the subject:

"The fear of bodily injury sufficient to support a charge of robbery may be aroused by a word, or gesture, as where the victim is threatened with a gun or knife. Even a slight cause of fear or indirect language of a threatening character may be sufficient to constitute intimidation, and the victim may be deemed to have been put in fear if the transaction is attended with such circumstances of terror as in common experience are likely to create an apprehension of danger and induce a man to part with his property for the sake of his person."

There is no doubt the victim believed he was being robbed. He tripped a silent alarm to alert the police. After he observed the direction defendant had taken he returned to the store and called the police on the telephone. He testified the defendant came in the store immediately after four customers had departed and the store was empty. The defendant had the pistol pointed at his face after he ordered the cigarettes. Defendant himself testified the victim was scared. He also said he knew what he was doing was wrong and directed the store clerk to lay on the floor because he did not want him to see the direction he took in leaving the store. The facts were sufficient to make out a question for the jury under proper instructions by the trial court.

■ The same is true about defendant's contention that the State failed to

prove a felonious or criminal intent at the time the money was taken from the store clerk, as well as the sufficiency of the evidence as a whole. The testimony of the victim and of the defendant were directly contradictory. The jurors are the sole and only judges of the evidence, and of the weight to be given the swearing of each and every witness in the case. The credibility of the witnesses, the weight and value of their testimony, the inferences to be drawn from their statements, and all factual issues raised by the testimony and evidence introduced—direct and circumstantial, are matters entrusted exclusively to them as the triers of the facts. *Braziel v. State*, 529 S.W.2d 501, 505 (Tenn.Cr.App. 1975). Taken at its best, if defendant's only intention was to regain the money stolen from him, the law is that one may not commit a breach of the peace to recover his own property, but must resort to the process of the law for redress. *State v. Cannon*, 661 S.W.2d 893, 899 (Tenn.Cr. App.1983).

▆ A guilty verdict by a jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in favor of the State. *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn.1978). On appeal the State is entitled to the strongest legitimate view of the evidence, together with all the reasonable and legitimate inferences to be drawn from it. See *State v. Cabbage*, 571 S.W.2d 832, 836 (Tenn.1978). When the sufficiency of the evidence is challenged, the standard for review by an appellate court is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); T.R.A.P. 13(e). The evidence in this case meets that requirement.

▆ There is no merit to the complaint that the trial judge erred in failing to appoint a Vietnamese language interpreter for the trial. Tenn.R.Crim.P. 28 provides for the appointment of an interpreter by the court where it is deemed necessary. It is a discretionary matter for the trial judge in this State. Of course it is the duty of the court to provide the necessary means for the defendant to understand the nature of the charges against him, the testimony of the witnesses, and to communicate to the court. Failure to do so would be a violation of one's constitutional right to be heard, to know the nature and cause of the accusation, and to be confronted by the witnesses. See generally 23 C.J.S. Criminal Law, § 965, p. 863, et seq.; *Terry v. State*, 105 So. 386, 21 Ala.App. 100. There was no indication in this case that there was any such language barrier. The defendant has been in this country since 1975. He completed high school in the United States and has engaged in post graduate work in mechanical design and in hotel and restaurant management. At trial he responded to questions, testified intelligently and expressed no lack of understanding of the proceedings. There was no abuse of discretion and no indication that the failure to appoint an interpreter affected the substantial rights of the accused or affected the result of the trial on the merits. Tenn. R.Crim.P. 52.

▆ We also reject defendant's issue regarding denial of a special instruction to the jury. Evidently trial counsel submitted a special instruction to the jury for consideration by the trial court. Apparently the special request contained three or four paragraphs involving the intent to recover one's own property as opposed to the taking of the property of another. The trial judge concluded that paragraphs 1 and 4 of the special request were covered in his general charge and that the remainder of the request did not coincide with the law in this State. Our problem here is that the special request was not preserved as an exhibit to this record and the court has nothing before it to review. A party cannot complain about a situation as error when he, himself, created the situation. T.R.A.P. 36(a). The trial judge instructed the jury in conformity with T.P.I.Crim. 27.-01, which is the law on the issue in this State. Where the trial judge's instructions on a matter are proper, his denial of a

special request is not error. See *State v. Story*, 608 S.W.2d 599, 603 (Tenn.Cr.App. 1980).

We find the record free of reversible error and affirm the judgment of the trial court.

DWYER and SCOTT, JJ., concur.