IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1995 SESSION



FILED

**August 1, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | |
|---|---|
| STATE OF TENNESSEE, | ) |
| | ) |
| APPELLEE, | ) |
| | ) No. 01-C-01-9505-CC-00158 |
| | ) |
| | ) Bedford County |
| v. | ) |
| | ) W. Charles Lee, Judge |
| | ) |
| | ) (Theft Over $1,000) |
| TERRY BOWEN, | ) |
| | ) |
| APPELLANT. | ) |

FOR THE APPELLANT:

Bill R. Barron
J. Mark Johnson
124 East Court Square
Trenton, TN 38382
(Appeal Only)

Robert L. Marlow
Assistant Public Defender
P.O. Box 1119
Fayetteville, TN 37334

OF COUNSEL:

John H. Dickey
District Public Defender
P.O. Box 1119
Fayetteville, TN 37334

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter
450 James Robertson Parkway
Nashville, TN 37243-0493

Ruth A. Thompson
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

W. Michael McCown
District Attorney General
P.O. Box 904
Fayetteville, TN 37334

Gary M. Jones
Asst. District Attorney General
Bedford County Courthouse
Shelbyville, TN 37160

OPINION FILED:_____

AFFIRMED

Joe B. Jones, Presiding Judge

**O P I N I O N**

The appellant, Terry Bowen, was convicted of theft over $1,000, a Class D felony, by a jury of his peers. The trial court found that the appellant was a multiple offender and imposed a Range II sentence consisting of confinement for eight (8) years in the Department of Correction. This sentence is to be served consecutively with the sentences imposed in three prior cases.

In this appeal as of right, the appellant contends that the evidence contained in the record is insufficient, as a matter of law, to support a finding by a rational trier of fact that he is guilty of theft over $1,000 beyond a reasonable doubt. He also contends that the trial court committed error of prejudicial dimensions by (a) ruling that he could not introduce evidence that a prior burglary case had been dismissed and (b) instructing the jury on "recently stolen property" after the state opted to seek a conviction for the unlawful exercise of control of property. The judgment of the trial court is affirmed.

On the evening of October 14, 1993, Lambert's Jewelry Store, located in Shelbyville, Tennessee, was burglarized. Police officers found that the glass in the front door had been broken. Inside, the glass display cases had been broken. When the burglars left, they took with them three watches, one bracelet, one pendant with gold chain, and a gold domed ring.

The appellant went to the home of James Farrar shortly after the burglary. He told Farrar that he had items of jewelry he wanted to sell him. He showed Farrar the jewelry. The liberty coin pendant and chain were in a box bearing the name "Lambert's Jewelry." Farrar gave the appellant $35 and told him he would get more money later. The appellant left with the jewelry. He got into a motor vehicle occupied by two other people and drove away with the jewelry. Farrar subsequently called the Shelbyville police. He told the officers what occurred. He agreed to purchase the jewelry from the appellant and surrender it to the police.

On October 16, 1993, the appellant returned to Farrar's residence with the jewelry. Farrar gave the appellant an additional $255 for the three watches, bracelet, and liberty coin pendant with gold chain. Farrar subsequently surrendered the items he purchased to the police.

1

The appellant sold the gold domed ring to Carolyn Farrar for $50. She testified that she had purchased additional items from the appellant. It appears the latter items were taken in another burglary.

The owner of the jewelry store identified the property recovered by the police. She testified that the bracelet was valued at $235, the pendant and chain were worth $1,195, the ring was valued at $469, one watch was valued at $395, another watch had a value of $195, and the third watch was worth $110.

## I.

The appellant contends that the evidence is insufficient to support his conviction. He argues: "Under these set [sic] of facts, there is no proof the defendant knowingly obtained or exclusively exercised control of property he knew to be stolen. The nexus between the burglary and the defendant's possession of the jewelry is insufficient to sustain the conviction of theft of property." The state argues that "any rational trier of fact could have found the [appellant] guilty of [this offense] beyond a reasonable doubt."

## A.

When an accused challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding of the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App.), per. app. denied (Tenn. 1990).

In determining the sufficiency of the convicting evidence, this Court does not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App.), per. app. denied (Tenn. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859, cert. denied, 352 U.S. 845, 77 S.Ct. 39, 1 L.Ed.2d 49 (1956).

2

To the contrary, this Court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d at 835. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), our Supreme Court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Since a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this Court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. Tuggle, 639 S.W.2d at 914.

**B.**

Before an accused can be convicted of theft over the value of $1,000, the state must prove beyond a reasonable doubt that:

a) the accused (1) knowingly obtained the property of another, (2) without the owner's effective consent, and (3) with the intent to deprive the owner of the property, Tenn. Code Ann. § 39-14-103, or

(b) the accused (1) knowingly exercised control over the property of another, (2) without the owner's consent, and (3) with the intent to deprive the owner of the property, Tenn. Code Ann. § 39-14-103; and

(c) the value of the property in question exceeds $1,000.

In this case, the state introduced evidence that placed the stolen property in the

3

hands of the appellant shortly after the burglary and again the next day. He certainly exercised control over the property because he personally showed the jewelry to Farrar and later sold the property to him and another person. He was in possession court the property without the owner's consent. It is obvious that the appellant had every intent of depriving the owner of the property because he sold the property.

There is sufficient evidence contained in the record to support a finding by a reasonable trier of fact that the appellant was guilty of theft over $1,000 beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

## II.

The appellant contends that the trial court committed error of prejudicial dimensions by charging the jury on the law regarding "recently stolen property." He cites an Alabama case to support his theory that the instruction shifted the burden of proof to the defendant to prove his innocence.

The appellant overlooks that trial counsel sought this instruction. Moreover, it was discussed by counsel and the trial court regarding its effect. The following colloquy took place:

> MR. MARLOW: One thing I am going to ask is in this particular case, is the Court going to give in its instructions the inference of possession of recently stolen property since this is a theory based upon exercise and control versus the actual obtain? Is the Court inclined to give that instruction or not?
>
> THE COURT: Yes. As you might recall the instructions on recent possession can go two ways. One is that the jury can infer that that was the person that took it, or they may infer that he had knowledge it was taken through theft which goes to the intent required for the theory of exercising control.
> Now, the instructions do read, however, not -- "If you find beyond a reasonable doubt from the evidence that the property in question had been recently stolen and soon thereafter the same property was discovered in the exclusive possession of the defendant, this possession, unless satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw an inference that the defendant had knowledge that the property had been stolen."

The fallacy in the appellant's argument is that a party cannot ask the trial court to

4

give an instruction and later challenge the instruction on appeal. In other words, the appellant cannot, from his viewpoint, invite the trial court to give an erroneous instruction and, as here, challenge the very instruction that was sought by the party. State v. Thien Duc Le, 743 S.W.2d 199, 202 (Tenn. Crim. App.), per. app. denied (Tenn.1987); see State v. Dickerson, 885 S.W.2d 90, 91 (Tenn. Crim. App.), per. app. denied (Tenn. 1993); State v. Banes, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993), per. app. denied (Tenn. 1994). Thus, this issue has been waived.

This Court parenthetically notes that the appellate courts of this state have held that this instruction is constitutional. See Bales v. State, 585 S.W.2d 610 (Tenn. 1979); State v. Hawk, 688 S.W.2d 467, 473-74 (Tenn. Crim. App. 1985); State v. Ratliff, 673 S.W.2d 884, 885-86 (Tenn. Crim. App), per. app. denied (Tenn. 1984); State v. Craig, 655 S.W.2d 186, 191 (Tenn. Crim. App. 1983).

This issue is without merit.

### III.

During the cross-examination of James Farrar, defense counsel asked the witness if he or any member of his family had been "promised" anything for the testimony that he was giving for the state. The following colloquy occurred between Farrar and defense counsel:

> Q. Mr. Farrar, have you been promised anything for your testimony here today?
>
> A. No, sir.
>
> Q. Has any member of your family been promised anything for your testimony here today?
>
> A. No.
>
> Q. No consideration for your testimony?
>
> A. No, sir. Ain't nobody promised me nothing.
>
> Q. Okay. Have they promised somebody else anything for your testimony today?
>
> A. No. The one thing I know is Terry Bowen and my son broke in a house, but I didn't testify for him. Both of them was

guilty, went in on those poor, old people on that house and tore it all to pieces. Poor old lady fixing to have a baby. They went in there and riddled her house. I'm not taking up for him or the man.

Q. All right. Now that you have brought that up so graciously, the lady came into this courtroom, did she not, and pointed out somebody else as the man who came in? Did not point out this defendant, but pointed out your son, didn't she?
Yes or No. And explain your answer.

A. When the lady come in here, the little girl was kind of a little retarded. Another colored guy walked in back here, but it was Terry Bowen and my son broke in that house with them people. And went in there and riddled the poor old peoples stuff, and they ain't got a dime. They thought they had a pill. They went in there to rob them for pills. Got their TV and took it out and set it over in the field.

Q. Now, your son is still facing those charges, isn't he?

A. Both of them are facing them charges as far as I know. I ain't taking up for my son, because he's a dope addict. The best thing that boy needs -- he needs help or in jail, one.

Defense counsel sought to impeach Farrar's testimony to the extent that the burglary charges were still pending against the appellant. He called the clerk of the court. The clerk testified that the warrants against the appellant had been dismissed after a probable cause hearing. The warrants against Farrar's son had been retired on motion of the state. When defense counsel attempted to move the warrants into evidence, the assistant district attorney general objected. The trial court ruled that the warrants could not be moved into evidence. The trial court said in ruling:

> THE COURT: If it is relevant, it is so remotely relevant to include this line of inquiry it would, in the Court's opinion, confuse the jury on the true issues here.
>
> Under Rule 404, the Court will rule that the prejudicial effect in that it might confuse the jury as to what is the relevant issue here outweighs the probative value.

### A.

The evidence that the appellant attempted to introduce was collateral to the principle matter in dispute. A collateral fact is defined as "one which affords no reasonable inference as to the principle matter in dispute." State v. Marlow, 665 S.W.2d 410, 412

6

(Tenn. Crim. App. 1983); per. app. denied (Tenn. 1984) (citing Saunders v. City and Suburban R. Co., 99 Tenn. 130, 41 S.W. 1031 (1897)).

Prior to the enactment of the Tennessee Rules of Evidence, a party was not entitled to inquire about collateral facts during cross-examination. See Franklin v. Franklin, 90 Tenn. 44, 49, 16 S.W. 557, 558 (1891); Marlow, 665 S.W.2d at 412; State v. Hill, 598 S.W.2d 815, 820 (Tenn. Crim. App. 1980); Honeycutt v. State, 544 S.W.2d 912, 915-916 (Tenn. Crim. App. 1976). However, if counsel was permitted to inquire into a collateral matter during cross-examination, counsel was bound by the witness's answers; and counsel could not call other witnesses in rebuttal to prove facts which were inconsistent with the answers given by the witness during cross-examination. See McGowen v. State, 221 Tenn. 442, 451, 427 S.W.2d 555, 559 (1968); Livermore Foundry & Machine Co. v. Compress Co., 105 Tenn. 187, 201, 58 S.W. 270, 273 (1900); Franklin, 90 Tenn. at 49, 16 S.W. at 558; Marlow, 665 S.W.2d at 412.

The Tennessee Rules of Evidence do not mention the collateral facts rule. Moreover, it is unknown if this rule will continue to be recognized. See Neil P. Cohen et al., Tennessee Law of Evidence, § 613.5 (3rd ed. 1995).

## B.

The collateral facts rule should be maintained to assist trial courts in excluding evidence that is irrelevant, Tenn. R. Evid. 402, or evidence that is time-consuming and has little, if any, probative value. Tenn. R. Evid. 403. In this case, the trial court properly excluded the certified judgments that the accused attempted to introduce into evidence. However, the trial court should have relied upon Tenn. R. Evid. 403 rather than Rule 404. In short, the trial court reached the right result, but for the wrong reason. This issue is without merit.

_____
JOE B. JONES, PRESIDING JUDGE

7

CONCUR:

_____
    PAUL G. SUMMERS, JUDGE

_____
    JOSEPH M. TIPTON, JUDGE