# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### May 2000 Session

## STATE OF TENNESSEE v. ERIC HALL

### Appeal as of Right from the Criminal Court for Shelby County
### No. 97-13208; 97-13209    Joseph B. Brown, Jr., Judge

---

### No. W1999-00610-CCA-R3-CD - Filed October 27, 2000

---

A Shelby County jury convicted the appellant, Eric B. Hall, of one (1) count of robbery and one (1) count of theft of property over the value of $1,000[1]. The trial court sentenced the appellant as a Range II, Multiple Offender, to consecutive sentences of ten (10) years for robbery and eight (8) years for theft of property. On appeal, the appellant contends that: (1) the evidence is insufficient to sustain his convictions; (2) the trial court improperly charged the jury with regard to the statutory elements of robbery; and (3) the trial court imposed excessive sentences by ordering consecutive sentencing. After a thorough review of the record before this Court, we hold that the evidence is sufficient to sustain the jury's guilty verdict for theft of property over $1,000 and that conviction is affirmed. Regarding the appellant's conviction for robbery, however, the state presented insufficient evidence that the requisite element of fear or violence was the mechanism by which the theft of jewelry was accomplished. Therefore, the appellant's conviction for robbery is reversed, and the conviction for that offense is dismissed. The case is remanded for a new trial on the offense of theft of property.[2]

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed in Part; Dismissed in Part and Remanded for a New Trial

JERRY SMITH, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. J., and ROBERT W. WEDEMEYER, J., joined.

Jeffery S. Glatstein, Memphis, Tennessee, attorney for the appellant, Eric Hall.

Paul G. Summers, Attorney General and Reporter, Kim R. Helper, Assistant Attorney General, attorneys for the appellee, State of Tennessee.

---

[1]This conviction relates to the theft of the vehicle in which the defendant and his accomplice fled the scene of the crime.

[2]This new trial would relate to the jewelry stolen from the victim.

# OPINION

## I.

On August 14, 1997, the appellant entered Sam's Warehouse on Covington Pike in Memphis and approached the section of the store where jewelry was sold. He took out a hammer, smashed the glass jewelry cases with the hammer, snatched various items of jewelry from the cases and ran away. As he ran towards the front door, Bonnie Holmes, an employee, stepped in the appellant's path in order to prevent his escape. However, the appellant raised the hammer as if to strike Holmes, so she moved out of his way. The appellant then ran outside and jumped into the passenger side of a pickup truck which was parked in front of the store. The truck, which was driven by an accomplice, sped away, but subsequently collided with a fence surrounding a nearby apartment complex. The appellant and his accomplice attempted to flee on foot, but were apprehended by pursuing police officers.

Police officers recovered several pieces of jewelry from the vehicle and noticed that the vehicle's steering column was broken. The officers later learned that the truck in which the appellant escaped had been reported stolen approximately one week prior to the incident. George Currie, the owner of the vehicle, testified at trial that the vehicle had an estimated property value of between $3,000 and $3,500.

The appellant subsequently gave a statement to the police wherein he admitted taking the jewelry from Sam's Warehouse. In addition, the appellant stated to a law enforcement officer that he had been in possession of the pickup truck for several days and knew that it had been stolen.

Betty Bellora, a sales clerk working in the jewelry department at Sam's, testified at trial that she had been assisting a customer when she observed the appellant approach the jewelry counter. Believing that the appellant was a customer, she turned to greet him, but was shocked when she heard glass shattering and saw the appellant taking the jewelry. Bellora stated that the incident "scared [her] to death" and that she was "hysterical." However, she acknowledged that she was facing in the opposite direction when the appellant began breaking the glass cases with the hammer. When she turned around, the appellant did not look at her, nor did he speak to her. Bellora testified that the appellant made no threatening gestures towards her with the hammer.

Count One of the indictment charged the appellant with the theft of George Currie's vehicle, which had a value over $1,000. Under Count Two, the appellant was charged with robbery by placing Betty Bellora in fear. The jury found the appellant guilty on both counts as charged in the indictment. The trial court sentenced the appellant as a Range II, Multiple Offender, to consecutive terms of ten (10) years for robbery and eight (8) years for theft. From his convictions and sentences, the appellant now brings this appeal.

## II.

The appellant asserts that the evidence presented at trial was insufficient to sustain his convictions for robbery and theft of property. He argues that the state failed to present evidence that he had knowledge that the vehicle in which he escaped was stolen, and therefore, the evidence is

insufficient to sustain his conviction for the theft of Currie's vehicle. Furthermore, he alleges that there is no evidence in the record to support the jury's finding that he took the jewelry from Sam's by the use of violence or by placing the victim, Betty Bellora, in fear.

**A.**

When an appellant challenges the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992).

On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. State v. Bigbee, 885 S.W.2d at 803; State v. Harris, 839 S.W.2d at 75. This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

**B.**

The appellant first challenges the sufficiency of the evidence for his conviction of theft of property over $1,000. He claims that the state failed to present any evidence that he had knowledge that the vehicle in which he and his accomplice escaped was stolen. He argues that, although the steering column in the vehicle was broken, the steering column was broken on the left side. He maintains that there is no evidence in the record that the appellant was able to see the broken steering column; as a result, he contends that the evidence is insufficient to support his conviction.

Theft of property is defined as knowingly obtaining or exercising control over the property of another without the owner's effective consent and with the intent to deprive the owner of such property. Tenn. Code Ann. § 39-14-103. George Currie testified at trial that he had reported his 1988 Dodge pickup truck stolen on August 8, 1997. Approximately one week later, he received notice that his vehicle had been recovered. At trial, Currie identified photos of the vehicle in which the appellant escaped as the same vehicle that had been stolen. Currie stated that he had not given anyone permission to take his vehicle and estimated that the truck had a value of between $3,000 and $3,500.

The appellant argues that the state failed to present any evidence that he had knowledge that the vehicle was stolen. However, Sergeant Harold Bruce of the Memphis Police Department testified that the appellant stated that he had possession of the truck for several days prior to August 14 and that he knew the vehicle had been stolen. Thus, the jury was presented with sufficient evidence to rationally conclude that the appellant, with intent to deprive Currie of his vehicle, knowingly obtained or exercised control over the vehicle without Currie's effective consent. *See* Tenn. Code Ann. § 39-14-103. The evidence presented at trial was sufficient to sustain the appellant's conviction for theft of property over $1,000.

This issue is without merit.

**C.**

The appellant also contends that the evidence is insufficient to support his conviction for robbery. He argues that there was no evidence presented at trial that he took the jewelry from Sam's Warehouse either by violence or by placing the victim, Betty Bellora, in fear. The appellant alleges that because the state failed to prove the requisite element of violence or fear, his conviction for robbery cannot be sustained. We must agree.

Robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401. The indictment charged that the appellant "unlawfully, knowingly, and by putting Betty Bellora in fear, obtain[ed] from the person of Betty Bellora, jewelry . . ."[3] Thus, in order to establish that the appellant committed a robbery, the state was required to show that the appellant committed a theft of property by placing Betty Bellora in fear.

"[W]hether a taking is properly characterized as a theft or a robbery is contingent upon whether and when . . . fear is imposed." State v. Owens, ___ S.W.3d ___ (Tenn. 2000). In State v. Thien Duc Le, 743 S.W.2d 199, 201 (Tenn. Crim. App. 1987), this Court discussed the element of "fear" as is necessary to sustain a charge of robbery:

> The fear of bodily injury sufficient to support a charge of robbery may be aroused by a word, or gesture, as where the victim is threatened with a gun or knife. Even a slight cause of fear or indirect language of a threatening character may be sufficient to constitute intimidation, and the victim may be deemed to have been put in fear <u>if the transaction is attended with such circumstances of terror as in common experience are likely to create an apprehension of danger and induce a man to part with his property for the sake of his person.</u>

(Quoting 77 C.J.S. Robbery, § 16, p.460) (emphasis added). Thus, for a theft of property to constitute a robbery, the theft "<u>must be the result of the force or fear or must have been facilitated or made less difficult by the violence.</u>" State v. Owens, ___ S.W.3d at ___ (emphasis added).

In the present case, Bellora testified at trial that she had been assisting a customer when she observed the appellant approach the jewelry counter. She thought that the appellant was a customer, but when she turned around to face him, she saw the appellant smashing the glass jewelry cases and taking the jewelry. Bellora stated that she had been facing in the opposite direction when the appellant began breaking the glass cases with the hammer. Although Bellora stated that the incident "scared [her] to death" and that she was "hysterical," she acknowledged that the appellant did not look at her, did not speak to her and made no threatening gestures towards her with the hammer.

After a thorough review of the evidence presented at trial, we conclude that the state failed to establish that the element of "fear" necessary to sustain the appellant's robbery conviction induced Ms. Bellora to part with the store's jewelry. The victim's back was towards the appellant when he approached the jewelry counter and began smashing the glass jewelry cases. When Bellora turned

---

[3]Since the state elected to charge that the theft was accomplished by putting Ms. Bellora in fear, any threats directed at ms. Holmes when she attempted to stop the defendant cannot form the basis of the robbery conviction.

to face the appellant, he neither looked at her nor spoke to her. Moreover, there is no evidence in the record that the appellant ever threatened the victim in the process of taking the jewelry.

Although Bellora testified that she was frightened by the incident, her fear arose from merely observing the appellant taking the property. The act of seizing the jewelry was not sufficient, in and of itself, to create "an apprehension of danger" that would have likely induced the victim to part with the property for the sake of her person. *See* State v. Thien Duc Le, 743 S.W.2d at 201. Indeed, the appellant had begun taking the jewelry prior to the victim's realization of the impending theft. The state failed to present evidence that the theft of property was committed by placing the victim, Betty Bellora, in fear; therefore, the appellant's conviction for robbery as alleged in Count Two of the indictment must be reversed.

Nevertheless, the evidence is clearly sufficient to support a conviction for the offense of theft of property. *See* Tenn. Code Ann. § 39-14-103. However, there is no proof in the record before this Court as to the value of the property taken.[4] The value of the property is an element of the offense of theft which must be proven by the state. *See* Tenn. Code Ann. § 39-14-105. As a result, Count Two of the indictment is remanded to the trial court for a new trial on the offense of theft of property for a determination as to the value of the property taken from the Sam's Warehouse.

### III.

The appellant also argues that the trial court erroneously charged the jury regarding the statutory elements of robbery. Because we must reverse the appellant's conviction for robbery due to insufficient evidence, this issue has been rendered moot. In addition, the appellant challenges the trial court's imposition of consecutive sentences. However, because this case is remanded for a new trial on Count Two, this issue is pretermitted.

### IV.

After thoroughly reviewing the record before this Court, we conclude that the evidence is sufficient to sustain the appellant's conviction for theft of property over $1,000 as alleged in Count One of the indictment. However, due to the state's failure to establish that the requisite element of "fear" was the mechanism by which the theft was accomplished, the evidence is insufficient to sustain the appellant's conviction for robbery in Count Two. Accordingly, the appellant's conviction for robbery is reversed, and the case is remanded to the trial court for a new trial on the offense of theft of property. In all other respects, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

---

[4] Count Two of the indictment alleges that the jewelry was valued over $1,000; however, the indictment is not evidence, and there is no evidence in the record before this Court supporting such an allegation.