# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
January 23, 2002 Session

## STATE OF TENNESSEE v. GREGORY DUNNORM

**Appeal from the Criminal Court for Anderson County**
**No. 99CR0258     James B. Scott, Jr., Judge**

---

**No. E2001-00566-CCA-R3-CD**
**June 12, 2002**

---

JOSEPH M. TIPTON, J., concurring.

I concur with the majority opinion, but I believe that neither Rule 613 nor Rule 608, Tenn. R. Evid., allowed use of extrinsic evidence of the defendant's lying on the affidavit of income. As the majority opinion notes, Rule 608 allows a party to cross-examine a witness about specific instances of conduct for the purpose of attacking the witness's credibility, but it bars extrinsic evidence of such conduct if the witness denies that it occurred. I also believe, though, that such an exclusion applied to Rule 613 in this case.

The impeachment by extrinsic evidence contemplated by Rule 613 must relate to facts relevant to a material issue at trial. It does not allow for extrinsic evidence to contradict a witness's testimony about a collateral fact. This is the collateral fact rule.

> Extrinsic evidence of a prior inconsistent statement of a witness is inadmissible to impeach the statement of a witness on cross-examination as to collateral matters. State v. Hill, 598 S.W.2d 815, 820 (Tenn. Crim. App. 1980). A collateral fact is one which affords no reasonable inference as to the principal matter in dispute. Saunders v. City & Suburban R. Co., 99 Tenn. 130, 41 S.W. 1031 (1897). If the inquiry on cross-examination is as to an inconsistent statement about a collateral matter, the cross-examiner is bound by the witness's answer, and cannot bring on other witnesses to prove the making of the alleged statement. If the inconsistent out-of-court statement is relevant to the material facts in issue, then it is not collateral. The statement must be independently relevant . . . before the inconsistent statement can be shown by extrinsic evidence.

State v. Marlow, 665 S.W.2d 410, 412 (Tenn. Crim. App. 1983). Although our rules of evidence do not mention the collateral fact rule, this court has concluded that it is still viable. See State v. Perkinson, 867 S.W.2d 1, 6-7 (Tenn. Crim. App. 1992); see also Neil P. Cohen, et al., Tennessee Law of Evidence § 6.13[6] (4th ed. 2000).

In the present case, proof that the defendant lied in an affidavit, submitted for the purpose of attacking his credibility, constituted collateral evidence because it did not relate to a principal matter in dispute. Thus, under the collateral fact rule, if the defendant had denied lying in the affidavit, the state would have been barred from proving otherwise. In other words, under the collateral fact rule and Rule 608, extrinsic evidence that he lied was inadmissible regardless of his admitting or denying such fact.

_____
JOSEPH M. TIPTON, JUDGE