# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 18, 2004

## STATE OF TENNESSEE v. RICHARD DEWAYNE JORDAN

**Direct Appeal from the Circuit Court for Rhea County**
**No. 15533       J. Curtis Smith, Judge**

---

**No. E2003-02351-CCA-R3-CD**
**June 16, 2004**

---

A Rhea County jury convicted the defendant, Richard Dewayne Jordan, of two counts of aggravated sexual battery and one count of incest, for which he received an effective twelve-year sentence.  On appeal, the defendant argues: (1) the trial court improperly allowed the state to amend the indictment to charge a different date of commission of the offenses; and (2) the indictment failed to inform him of the charges with sufficient particularity.  We remand for correction of a clerical error in the judgment but otherwise affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed;**
**Remanded for Correction of Clerical Error**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Larry G. Roddy, Sale Creek, Tennessee, for the appellant, Richard Dewayne Jordan.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; James Michael Taylor, District Attorney General; and Will Dunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Because sufficiency of the evidence is not an issue on appeal, we will limit our recitation of the factual background.  The victim, A.J.,[1] was born on October 7, 1983.  At the time she was abused, A.J. lived in Graysville, Tennessee, with her parents.  The defendant, her uncle, lived in another home on the same property with his wife.

---

[1]It is the policy of this court to refer to victims in child sexual abuse cases by their initials.

The victim was nineteen years old at the time of trial. She testified that on October 3, 1989, the date her brother was born, the defendant entered her bedroom and digitally penetrated her vagina. She stated that on another occasion, when the defendant was on work release from the jail, the defendant digitally penetrated her vagina while she was sleeping in the living room with her sisters. She testified that when she was ten years old, the defendant fondled her breasts after putting her on his clothes dryer. The defendant categorically denied committing these acts.

The defendant was convicted of aggravated sexual battery under Count Three of the indictment for the bedroom incident, incest under Count Five for the living room incident, and aggravated sexual battery under Count Six for the dryer incident.

## I. WAIVER

The defendant contends the trial court erred in allowing the state to amend Count Five and Count Six of the indictment, which changed the dates of commission of these two offenses. The transcript of this hearing is not in the record. It is the duty of the appellant to provide a record which conveys a fair, accurate and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); *see* State v. Taylor, 992 S.W.2d 941, 944 (Tenn. 1999). Nevertheless, the record does clearly indicate the state's amendments to Count Five and Count Six were intended to reflect the range of time the defendant participated in the work release program from the jail; namely, "from July 1, 1992, to August 2, 1994." Because the record is adequate for our review, we will address the issue on the merits.

## II. PROPRIETY OF AMENDED INDICTMENT

The defendant alleges the trial court erred in allowing the state to amend Count Five and Count Six over his objection. Count Five of the indictment originally alleged that the defendant committed the offense of incest between October 1, 1994, and March 31, 1995. Count Six of the indictment originally alleged that the defendant committed the offense of aggravated sexual battery between April 1, 1995, and October 31, 1995. As amended, the indictment alleges both offenses were committed between July 1, 1992, and August 2, 1994.

An amendment to an indictment is authorized by Rule 7(b) of the Tennessee Rules of Criminal Procedure, which states:

> An indictment, presentment or information may be amended in all cases with the consent of the defendant. If no additional or different offense is thereby charged and no substantial rights of the defendant are thereby prejudiced, the court may permit an amendment without the defendant's consent before jeopardy attaches.

The date in an indictment may be amended pursuant to this rule. *See* State v. Marlow, 665 S.W.2d 410, 413 (Tenn. Crim. App. 1983). An amendment of the date in an indictment does not allege a different or additional crime. State v. Kennedy, 10 S.W.3d 280, 284 (Tenn. Crim. App. 1999).

After the return of the original indictment and prior to the original trial setting, it was determined the defendant was actually incarcerated at the time the original indictment alleged he had committed these two offenses. The victim, however, had always claimed these offenses occurred while the defendant was on work release. Upon ascertaining the time of the defendant's work release, the state sought the amendment. The defendant argues he was prejudiced by the amendment, because his incarceration during the time stated in the original indictment provided him with an alibi which was effectively voided by the amended indictment.

By amending the indictment to reflect the dates that the defendant was on work release, the state merely brought these two counts into conformity with the victim's recollection of when the offenses occurred. It is not unusual in child sexual abuse cases for the victim to relate the offense to an event, rather than a specific date. *See* State v. Shelton, 851 S.W.2d 134, 137 (Tenn. 1993). The state sought the amendment in January 2002. The trial court granted the request and continued the trial date to avoid any prejudice to the defendant. The case was tried in October 2002. At trial, the victim was thoroughly cross-examined about the change in the dates in the amended indictment. We conclude the amended indictment did not charge a different offense, and the defendant was not prejudiced. This issue lacks merit.

### III. SUFFICIENCY OF THE INDICTMENTS

The defendant further claims the defense was hampered by the two-year date range for the commission of Count Five and Count Six; namely, from July 1, 1992, to August 2, 1994. An indictment alleging a range of dates is not improper, and the ordinary recourse is for the defendant to file a motion for a bill of particulars. *See* Tenn. R. Crim. P. 7(c); State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991).

> Although a court should make every effort to see that the prosecution supplies critical information in the bill of particulars, we have observed that in cases involving child sexual abuse, the prosecution may be unable to supply specific dates on which alleged offenses occurred. In such cases, however, where the victim is too young to recall specific dates, "the child may be able to define the time of the offense by reference to such memorable occasions in a child's life as birthdays, seasonal celebrations and holidays, the beginning or end of the school year, or visitations by relatives. . . ." If the state is truly unable to provide even an approximate time or date of the offense by means of a descriptive reference, "a conviction may nonetheless be affirmed if in the course of trial it does not appear that the defendant's defense has been hampered by a lack of specificity."

State v. Speck, 944 S.W.2d 598, 600 (Tenn. 1997) (citations omitted).

Although the defendant contends he filed a motion for a bill of particulars, no such motion appears in the record. It is the duty of the appellant to provide an adequate record for appellate review. *See* Taylor, 992 S.W.2d at 944. However, the record does reveal the defendant was aware

many months before trial that these two offenses allegedly occurred when he was on work release. The victim testified one offense occurred in the living room where she and her sisters were sleeping, and the other offense was committed when the defendant placed the victim on his clothes dryer after she had been sent by her mother to dry clothes. Based upon the record before us, we conclude the defense was not "hampered" by the lack of further specificity. *See* Speck, 944 S.W.2d at 600. The defendant categorically denied all of the charges, and there is no indication in the record before us that his defense would have been different had the offenses been alleged with more temporal specificity. Accordingly, this issue is without merit.

## IV.  CLERICAL ERROR

Although not raised by the parties, we note a clerical error in the judgment on Count 3 of the indictment for the offense of aggravated sexual battery. The judgment lists the statute as "39-13-504," which is the current statute for aggravated sexual battery. The offense was committed prior to November 1, 1989, and is controlled by the statute in effect at the time of commission of the offense. Upon remand, the trial court shall enter an amended judgment on Count 3 listing the statutory reference as "39-2-606 (Supp. 1988)."

Based upon our review, we remand for entry of an amended judgment but otherwise affirm the judgments of the trial court.

_____
JOE G. RILEY, JUDGE

-4-